## THE STATE v. PORTER.

1. **Rape: ASSAULT WITH INTENT: EVIDENCE: COMPETENCY OF.** Where the defendant was charged with having unlawfully carnal knowledge of one O., a female, by administering to her a drug producing stupor, and was convicted of an assault with such intent, it was immaterial, under the verdict, whether the prosecutrix knew the bad reputation of the defendant in respect to women prior to the alleged offense, and testimony of such knowledge was properly excluded.

2. ——: ——: ——: **BELIEF OF WITNESS.** In such case, the fact that a witness may have believed the prosecutrix unchaste would not be competent testimony. The prosecutrix could not be proven unchaste by proving that the witness believed her to be so.

3. ——: ——: **CORROBORATIVE TESTIMONY.** If it be necessary that the prosecutrix should be corroborated, to sustain a conviction for administering a drug with intent, etc, of which there is doubt, and the question is not determined, such corroborative testimony exists in this case.

4. ——: **DEGREES OF CRIME: INSTRUCTION: VERDICT.** Under the evidence in this case the jury should have been allowed, if they saw fit, to find the defendant guilty of an assault and battery or a simple assault; and an instruction that they must find the defendant guilty as charged, or guilty of an assault with intent, etc., or not guilty, was erroneous.

*Appeal from Woodbury District Court.*

### THURSDAY, MARCH 23.

THE defendant was charged with having unlawfully had car-

nal knowledge of one Rosa Lina Ottoway, a female, by administering to her some substance producing such stupor and imbecility of mind and weakness of body as to prevent effectual resistance.

The jury found a verdict in these words: "We, the jury, do not find the defendant guilty as charged, but we do find him guilty of an assault with intent to have carnal knowledge of Rosa Lina Ottoway, by administering to her some substance with intent to produce such stupor or imbecility of mind, or weakness of body, as to prevent effectual resistance." Judg- ment of imprisonment for five years having been rendered upon the verdict, the defendant appeals.

*Argo & Kelley, Isaac Pendleton*, and *J. F. Duncombe*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—The defendant is a physician, and was at the time of the alleged offense engaged in the practice of his pro- fession at Le Mars. The prosecuting witness was engaged in teaching school a few miles from Le Mars. According to her testimony she had made the acquaintance of the defendant, and had for several months been accustomed to take long rides with him; that on one occasion after he had been riding with her he took her to his office in Le Mars, where she stayed all night, and occupied the same bed with him in a bed-room ad- joining the office, and had sexual intercourse with him. It was upon that occasion that the alleged offense was committed, if at all. She testified that the defendant accomplished his purpose by administering a drug in wine to her, but her tes- timony in regard to the effect of the drug, if one was admin- istered, does not tend strongly to show that it produced such stupor, or imbecility of mind, or weakness of body, as to pre- vent effectual resistance, and according to the finding of the jury, the defendant did not accomplish his purpose by reason

of the effect of a drug. The inference from her testimony in connection with the verdict is that he accomplished his purpose by gaining her consent.

I. A witness was examined in behalf of the defendant, who testified that he heard a conversation prior to the alleged offense between the prosecutrix and another woman concerning Dr. Porter, and the prosecutrix stated that she knew all about Dr. Porter. The witness was then asked what, if anything, was said about Dr. Porter being a fast man in respect to women. The question was objected to by the State as being immaterial, and the objection was sustained. The defendant assigns error upon the ruling. He insists that if the prosecutrix knew before the alleged offense, that he had a bad reputation in respect to women, it would tend to show that she consented to the intercourse, and that the offense committed was merely fornication. But we have already seen that, according to the verdict, the defendant did not accomplish his purpose by reason of the effect of a drug. The offense of which the jury found the defendant guilty was committed, if at all, before the intercourse, and consisted merely in administering the drug with intent to have intercourse by means of its effect. The fact that the prosecutrix knew the bad reputation of the defendant in respect to women would, we think, have had no tendency to show that he did not administer a drug, and with the intent found.

*1. RAPE: assault with intent: evidence: competency of.*

II. One Armfield was examined in behalf of the State. In cross-examination he was asked a question which, if it had been answered in the affirmative, the defendant claims, would have shown either that the witness believed that the prosecutrix was unchaste, or that he had become very fond of her, and therefore gave his testimony under a bias against the defendant.

*2. ——: ——: belief of witness.*

The prosecutrix could not be proven unchaste by proving that the witness believed that she was unchaste, nor do we think that the fact that the witness had become fond of her, if such

was the fact, would have the effect to impair the general credibility of his testimony as claimed.

III.   The defendant contends that he could not properly be convicted of the crime with which he was charged upon the

3. ——: ——: testimony alone of the prosecutrix, and he insists
corroborating
testimony.   that she was wholly uncorroborated.

Section 4560 of the Code provides that for certain offenses among which is rape, the defendant cannot be convicted upon the testimony of the person injured, unless she is corroborated by other evidence, tending to connect the defendant with the commission of the offense.   Now, it is said that, while in this case it may be that the defendant is not charged with rape, he is charged with an offense so nearly allied to it, that the provision of the statute in respect to corroboration ought to apply.

It should be borne in mind, however, that the defendant was not convicted of the crime with which he was charged, but of administering a drug with intent, etc.   It is, to say the least, doubtful, whether in case of conviction for such offense, it is necessary that the prosecutrix should be corroborated. But we do not determine the question.   We think, that the prosecutrix in this case, was corroborated.   There is evidence, aside from her testimony, tending strongly to show that the defendant took her to his office at the time of the alleged offense, with the deliberate purpose of accomplishing her ruin, and that he gained his purpose; and while, under the verdict, the jury does not appear to have believed that he gained it by means of an administered drug, the evidence of his purpose tended to make credible the prosecutrix' testimony that he attempted to gain it in the manner alleged.

IV.   The court, in its instructions, confined the jury to three forms of verdict.   They were told in substance, that

4. ——: they must either find the defendant guilty as
degrees of
crime: charged, or guilty of an assault, with intent to
instruction:
verdict. have carnal knowledge of the prosecutrix, by ad-

ministering a drug, with intent to produce stupor, etc., or else they must find the defendant not guilty.

The defendant contends that under the rulings in *State v. Walters*, 45 Iowa, 389; *State v. Vinsant*, 49 Iowa, 241, and *State v. Peters*, 56 Iowa, 263, the jury should have been allowed, if they saw fit, to find him guilty of an assault and battery, or a simple assault. The counsel for the State insists that these cases are not applicable; but we are unable to conclude that they are not. The offense charged could not have been committed without an assault. We do not say that administering a drug, if done without force and without deleterious effect, though with wrongful intent, is an assault. But, the offense charged, is completed only by having carnal knowledge, which act would include an assault if so done as to constitute the offense charged. The counsel for the State insists, that the jury could not properly have found under the evidence that the defendant was guilty of an assault and battery, or simple assault, but in our opinion they could.

There was evidence tending to show, that the prosecutrix had stated before the trial, that the defendant did not administer drugged wine to her. There was also evidence tending to show that she proceeded voluntarily and in full possession of her senses to occupy the defendant's bed with him. And while she testified that the defendant seized her, and administered drugged wine to her by force and against her protests, the evidence tended strongly to show that she made no outcry, and that she could, by so doing, easily have rescued herself if she had seen fit. There is at least some ground for believing that drugged wine was not in fact administered to her, and at the same time that her testimony in respect to it was not wholly fabricated. It is impossible to determine with certainty what the facts were. If the jury had believed that the defendant seized the prosecutrix against her will with the intent to administer drugged wine to her, either by persuasion or force, or both combined, and relinquished his intention by

reason of her protests or threats of outcry, or because he saw indications of her yielding to his will, it could not be said that such conclusion would be unsupported by the evidence. If such was the fact, then the defendant was guilty only of an assault and battery, so far as such fact alone was concerned. If he did not proceed that far, but merely approached the prosecutrix with drugged wine against her will, and with more or less offer of force, he was guilty of a simple assault. In restricting the jury to the three forms of verdict above set out, we think that the court erred, and that the case must be remanded for another trial

REVERSED.