## THE STATE v. VINSANT.

1. **Criminal Law: RAPE: DEGREES OF CRIME.** Upon the trial of one indicted for rape the court gave the following instruction: "If you find the defendant guilty, but there is a reasonable doubt of the degree of his guilt, you will find him guilty of the crime in the indictment of which there is no reasonable doubt; or, in other words, if you find him guilty, but there is a reasonable doubt as to the crime of rape, your verdict should be for an assault with an intent to commit rape; but if there is a reasonable doubt that the defendant is guilty of both crimes charged, you will find the defendant not guilty:" *Held*, to be erroneous in not instructing the jury that they might, if the evidence justified it, find the defendant guilty of simple assault.

*Appeal from Page District Court.*

FRIDAY, OCTOBER 11.

THE defendant was indicted for the crime of rape upon the person of one Ida Hakes, and convicted of an assault with intent to commit rape. Having been sentenced, he appeals to this court.

*Hepburn & Thummel* and *Wm. McPherrin*, for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, J.—I. The defendant moved to set aside the indictment on the ground that one of the grand jurors was not a

qualified elector of the county in which the indictment was found. In support of the motion the defendant filed his own affidavit tending to show that the grand juror had previously been a resident of Washington county, and that, although he and his family had since removed to Page county, where the indictment was found, it was not with the intention of remaining. A counter-affidavit, made by the grand juror, was filed by the State, showing that he regarded Page county as his home, and that he had no definite intention of removing therefrom. The motion was overruled, and, we think, properly.

II. The prosecuting witness, at the time of the alleged offense, was a little more than ten years of age. The defendant is a man of more than ordinary size. She testified that he had complete connection with her five or six times. Her language is: "He had his whole instrument in. This occurred five or six times, and each time two or three minutes." After the introduction of her testimony, the defendant moved "for an order that she be required to submit to an examination by a committee of competent physicians, to be appointed by the court, for the purpose of ascertaining whether she had been raped." The court overruled the motion, and the defendant excepted.

It is contended by the defendant, that if coition had taken place to the extent testified to by the prosecuting witness, the hymen would necessarily have been ruptured (if it had previously existed until that time), and that a ruptured hymen cannot be restored. There was medical evidence to that effect. If the evidence is reliable, and the hymen had been found intact, it would certainly have tended to demonstrate that the defendant was not guilty of the crime with which he was charged. But he was not convicted of that crime. We cannot say that it was important to the defendant to disprove what, according to the finding of the jury, was never proven. It is said, however, that the presence of the hymen, if revealed, would have impaired the credibility of the prosecuting witness

generally, and that the examination should have been allowed for that purpose. But we think that the credibility of the witness was already impaired so far as the fact of a want of penetration could impair it. It is, indeed, argued by the defendant that the jury could not properly have believed that the testimony of the witness was false in regard to penetration, and true in other respects. Whether the defendant appeared to be entitled to the order for an examination or not, at the time he asked for it, we cannot say, the verdict being such as it was, that he was prejudiced by the refusal.

III. The testimony of one Anna Hakes was introduced, which is in these words: "I am the mother of Ida Hakes. On the 4th day of August, 1875, I sent the brother of Ida Hakes to Milton Vinsant's, to bring Ida home. She came home, and seemed sick. I had her clothes changed, and they were badly soiled." Ida testified that when she came home she told her mother what had occurred. The defendant offered to show, after the testimony of Ida and her mother was introduced, that, after the mother had learned from Ida of the alleged rape, she stated in the presence of one Emma Thompson, while speaking of the defendant, that "she had the best son-in-law in the world." This evidence was objected to by the State as immaterial, and the objection was sustained. The defendant contends that the statement of Mrs. Hakes should have been admitted, because it was inconsistent with the fact that she had been told of the alleged rape. But Mrs. Hakes does not say that she believed it. If she did not believe it there is no inconsistency between her alleged statement and anything that either she or Ida testified to.

IV. The court gave an instruction which is as follows: "If you find the defendant guilty, but there is a reasonable

1. CRIMINAL law: rape: degrees of crime.

doubt of the degree of his guilt, you will find him guilty of the crime in the indictment of which there is no reasonable doubt; or, in other words, if you find him guilty, but there is a reasonable doubt as to the crime of rape, your verdict should be for an assault with

intent to commit rape; but if there is a reasonable doubt that the defendant is guilty of both crimes charged you will find defendant not guilty." The giving of this instruction is assigned as error. The instruction precluded the jury from convicting of a simple assault, and the defendant contends that in this he was prejudiced.

We think that, under the indictment, the defendant might, if the evidence warranted it, have been convicted of a simple assault. Whoever is charged with rape is charged with all that constitutes it, and one of the elements of rape is an assault. *Commonwealth v. Drum,* 19 Pick., 480. The instruction given, therefore, appears to be erroneous.

It is urged, however, on the part of the State that, even if this be so, the defendant should not complain, because, under the instruction, the jury should have rendered a verdict of not guilty, if they believed him to be guilty only of a simple assault; and so it is contended that, if the instruction is erroneous, it is too favorable for the defendant.

In one view this may be true; but, still, we believe that the defendant may have been prejudiced. Jurors are sometimes reluctant to acquit when they believe the defendant guilty of something. In *State v. Walters,* 45 Iowa, 389, it was held to be prejudicial to the defendant to instruct in substance that the jury must convict of the higher degree of crime, or render a verdict of not guilty.

But it is insisted, on the part of the State, that if the jury believed that there was an assault they must have necessarily believed there was an attempt to commit rape. In our opinion the evidence cannot properly be so viewed. The substance of the testimony of the prosecuting witness is, that the defendant is her brother-in-law; that upon the night of the alleged offense she was at his house, and slept upon a lounge in the same room where the defendant and her sister, the defendant's wife, slept; that she was sleeping on her right side, with her back to the wall; that the defendant came to her lounge, and lay down upon his left side so that they were

facing each other, where he remained for more than an hour, and where, without change of position, the acts took place which we have already detailed. There is no evidence that the defendant attempted to change the witness' location, or asked her to change it. There is no evidence that he did anything which caused her to make an effort to leave the lounge or to call for protection. These facts were all proper to be considered by the jury upon the question as to whether the defendant might not have intended something less than rape, however lewd and reprehensible in other respects his conduct might have been. A lewd assault does not, necessarily, evince an intention to commit rape. The circumstances shown may preclude a belief of such intention. There were circumstances in this case having such tendency.·

If, then, the jury, under a proper instruction, had found the defendant guilty of a simple assault, we cannot say that the verdict would have been without support.

