## THE STATE v. PENNELL.

1. **Criminal Law:** INDICTMENT: CONSTRUCTION OF. An indictment for rape construed and held to sufficiently charge the crime.

2. **Instruction:** FAILURE TO ASK: PRACTICE IN THE SUPREME COURT. Where an instruction given contains affirmative error it will not be sustained by the Supreme Court merely because the appellant failed to ask an instruction expressing the correct rule.

| 56 | 29 |
| 86 | 619 |
|---|---|
| 56 | 29 |
| 106 | 89 |

*Appeal from Calhoun District Court.*

FRIDAY, APRIL 22.

THE defendant, under the name of Frank Dunn, was indicted for the crime of rape, and convicted of an assault with intent to commit rape, and he now appeals to this court.

*Hudson & Wright,* for appellant.

*J. F. McJunkin, Attorney General,* and *J. M. Toliver,* for the State.

ADAMS, CH. J.—I.   It is assigned as error that the indictment does not show the name of the person alleged to have been ravished.

The indictment is in these words:   "The said Frank Dunn on or about the 11th day of April, 1879, in the county of

1. CRIMINAL law: indictment of: construction of.

Calhoun aforesaid, did with force and arms at the county aforesaid, in and upon one Elizabeth J. Smith, unlawfully willfully and feloniously make an assault and did then and there ravish and carnally know, forcibly against the will of the said Elizabeth J. Smith." The defendant insists that it is not charged that he ravished and carnally knew Elizabeth J. Smith, or any other person. According to his construction of the indictment the words "ravished" and "know," as therein used, have no object. But it appears to us otherwise.   If the language of the indictment were that "the said Frank Dunn did then and there ravish and carnally know, forcibly against her will, the said Elizabeth J. Smith," there would be no difficulty.   The words "ravish" and "know" are what are called transitive verbs. Their meaning is not complete until they are *carried over* in the mind and applied to their object.   In the case above supposed they would need to be carried over an intervening clause thrown in to modify them.   The same is true in the language actually used.   Adopting what we deem a correct punctuation, the meaning appears to us clear.   The charge is that the defendant "did then and there ravish and carnally know, forcibly against the will of, the said Elizabeth J. Smith."   The verbs to "ravish" and "know" being transitive are to be carried over and applied to their object, Elizabeth J. Smith.   The sentence is certainly not a model one,

but there is no reasonable doubt as to its meaning, and the indictment appears to us to be good.

II. The court charged the jury, in substance, that in case they found the defendant guilty they would necessarily find **2. INSTRUCTION: failure to ask: practice in the supreme court.** him guilty of rape, or of an assault with an intent to commit rape. The defendant insists that the court erred, in that a simple assault is one of the degrees of offense included in the offense charged, and that the instruction excluded such degree from the consideration of the jury.

The Attorney General concedes that it would have been proper to instruct the jury that, under the indictment, the defendant might be convicted of a simple assault, but he contends that a failure to so instruct, in the absence of a request to that effect, is not reversible error.

If the error complained of consisted simply of a lack of fulness in the instruction given, a different question would be presented. But the instruction affirmatively precluded the jury from finding a verdict of a simple assault. Where an instruction contains an affirmative error, we cannot sustain it merely because the appellant failed to ask an instruction which would have contravened it, and expressed the correct rule.

The question involved in this case was decided in *State v. Walters*, 45 Iowa, 390. *State v. Vinsant*, 49 Iowa, 244; *State v. Glynden*, 51 Iowa, 463.

For error in the instruction given the judgment of the court below must be reversed and the case remanded for another trial.

REVERSED.