## THE STATE v. PETERS.

1. **Criminal Law**: INDICTMENT FOR RAPE: INCLUDED CRIMES. An indictment for rape includes the crime of assault with intent to commit rape, and that of simple assault, and an instruction which precludes the jury from convicting of the latter crime under such an indictment is erroneous.

*Appeal from Linn District Court.*

SATURDAY, JUNE 11.

THE defendant was indicted for a rape on Louise Haberman. He was tried, convicted of an assault with intent to commit a rape, and sentenced to the penitentiary for two years and six months. He appeals.

*Blake & Hormel*, for the appellant.

*Smith McPherson, Attorney General*, for the State.

DAY J. The defendant, as a witness upon the trial, admitted that he had sexual intercourse with the prosecuting witness, at the time named in the indictment, but claimed that the intercourse was with her consent. In finding the defendant guilty of an assault with intent to commit a rape, the jury must have found that the evidence did not show that the intercourse was against the will of the prosecutrix. The court instructed the jury that, if the evidence failed to satisfy them that the defendant committed the crime of rape charged in the indicment, they might, if warranted, find him guilty of an assault with intent to commit a rape, and that the form of their verdict would be guilty of rape, guilty of an assault with intent to commit a rape, or not guilty. The jury were thus precluded from finding the defendant guilty of any lower grade of offense than an assault with intent to commit a rape. In *State v. Vinsant*, 49 Iowa, 241, it was held that, under an indictment for rape, a defendant may, if the evidence war-

rants it, be convicted of a simple assault, and that an instruction by implication precluding the jury from convicting of an assault is erroneous. The peculiar circumstances disclosed by the testimony in this case raise a very grave doubt whether the defendant committed the offense of which he has been convicted, and we think he must have been prejudiced by the instructions which authorized a conviction for no less grade of offense than that of assault with intent to commit a rape. See *State v. Vinsant, supra.*

REVERSED.