STATE OF IOWA V. RICHARD TAYLOR, Appellant.

**Evidence:** HARMLESS ERROR. Error, if any, in excluding, on a prosecution for rape, the question whether a matured man could commit rape on a woman of about the same age and weight and in good health, is not prejudical where the jury find defendant guilty of an assault with intent to commit rape.

**Exceptions:** CRIMINAL LAW. A statement of the court, made in i 3 decision overruling a motion for a new trial, may be excepted to, because of Code 1873, section 4480, reserving the right to except to a decision or action of the court, whether made "before or after the trial of the indictment or on such trial."

**SAME:** *Bill of exceptions.* The statement of the trial court in overruling a motion for a new trial, indicating doubts as to defendant's guilt, is a matter of exception, and affects a "material or substantial right" of defendant within Code 1873, section 4480; and a bill of exceptions containing such statement may if time to settle the bill has been extended beyond the term, be settled by the signature of bystanders, where the judge refuses to sign the

bill, under section 4480, providing that if the judge refuse to sign the bill it may be signed by two or more attorneys or officers of the court or disinterested bystanders.  *St. John v. Wallace*, 25 Iowa, 21, *distinguished.*

*Appeal from Jefferson District Court.*—HON. ROBERT SLOAN, Judge.

THURSDAY, OCTOBER 7, 1897.

THE defendant was indicted and tried for the crime of rape.  He was found guilty of an assault with intent to commit rape. · He appeals.—*Affirmed.*

*C. W. Coykendall* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

KINNE, C. J.—I.   One Dr. Aylesworth, a practicing physician, was asked this question:  "Suppose a man, say thirty years of age and over,—a matured man, weighing about 135 pounds, in possession of all his faculties, in apparent good health,—and a female about the same age, about the same weight, in apparent good health; is it likely, or probable, that the male, under such circumstances as I have delineated, could commit a rape or have carnal intercourse against her will, provided she resisted to the extent of her ability?"   This question was objected to as irrelevant, incompetent, immaterial, and because the facts stated had not been proven, and the facts proven were materially different from those set out in the question.  The objection was sustained.   In view of the verdict, we need not consider whether this evidence was properly rejected, nor determine whether the subject inquired about was a proper subject for expert testimony.   Not having been convicted of a rape, it affirmatively appears that the rejection of the

offered evidence was not prejudicial. If answered in the negative, it could have had no possible bearing upon the question as to whether the defendant had committed the crime of an assault with intent to commit a rape,—the crime of which the defendant was found guilty.

II. In an "addendum to bill of exceptions," as it is called is found a statement of the trial court, which seems to indicate that he had doubts as to the defendant's guilt. It is said that the trial judge refused to certify to the matter therein contained. The statement set out was sworn to on the ninth day of December, 1895. At the defendant's instance, time beyond the term was given him to prepare a bill of exceptions. The bill was approved and signed on December 9, 1895. The attorney general contends that, "when a trial judge refuses to sign a bill of exceptions as drawn by a party, it is not competent to settle the same at any time other than that at which the ruling of the court was made upon the matter excepted to." It is therefore insisted that the matter embraced in the so-called "addendum" is not of record. The "addendum" having been settled as a bill of exceptions in one of the modes prescribed by law, must be treated as a part of the record unless the claim is well founded that, under the statutes, a bill settled in that manner must be settled at the very time the ruling was made upon the matter excepted to. The statute recites that the decision of the court upon certain specified matters may be excepted to. Code 1873, section 4479. It then says: "Nothing herein contained is to be construed so as to deprive either party of the right of excepting to any action or decision of the court which affects any other material or substantial right of either party, whether before or after the trial of the indictment, or on such trial." Code 1873, section 4480. Section 4483

of the Code of 1873, after providing how exceptions may be taken, and that they shall be signed by the judge, and filed, proceeds: "But if the judge refuse to sign it, such refusal must be stated at the end thereof; and it may then be signed by two or more attorneys or officers of the court or disinterested bystanders, and sworn to by the persons so signing the same, and filed with the clerk, and it shall thereupon become a part of the record of the cause." Section 4484 of the Code of 1873 provides that the judge shall be allowed one clear day to examine the bill of exceptions, and the party excepting shall be allowed three clear days thereafter to procure the signatures, and file the same. By section 4486 of the Code of 1873 it is provided that time shall be allowed to settle a bill of exceptions, when necessary. Counsel for the state, in support of their construction of the statute, refer to *St. John v. Wallace*, 25 Iowa, 21. Judge Wright, in rendering the opinion of the court in that case, held to the view that where the parties, by agreement, extended the time for settling the bill of exceptions beyond the term at which the trial was had, it was not competent to settle the same by the certificate of bystanders. The other members of the court expressed no opinion on the question, and the motion to strike the bill was sustained by the court on other grounds. The case, therefore, is not authority for the contention made by the attorney general in the case before us. Besides, the cited case was a civil action, and the sections of the Code touching bills of exceptions in criminal cases were not involved or considered. The provisions of the sections we have quoted are broad enough to warrant an exception such as was taken in this case. An exception is authorized in a criminal case as to any "action or decision" of the court which affects a material or substantial right of a party, whether such action or

decision was made before or after the trial of the indictment. The statement of the court was made in its decision overruling the motion for a new trial. It was, therefore, a decision or action of the court made at such a time as that it might be excepted to. Code 1873, section 4480. Did it "affect" a "material or substantial right" of the defendant? The language used by the trial court was: "You, to say the least, have been guilty of violating the rules of decency and morality in going to such a place, and in doing what you did. The law fixes the extreme penalty in cases of this kind at twenty years in the penitentiary, and, while I do not feel justified in setting aside the verdict, in view of all the circumstances in the case, and of the doubts existing as to your guilt, I will not give you the extreme penalty of the law. * * *" In *State v. Billings*, 81 Iowa, 116, where the trial judge, in ruling on a like motion, expressed doubts as to the defendant's guilt, we said: "To a valid judgment the law requires,—*First*, that there shall be a verdict upon evidence to satisfy the minds of the jury beyond a reasonable doubt; *second*, that the judge who presides at the trial shall believe that the evidence is sufficient to justify the finding. An affirmative showing of a want of either surely avoids a judgment." We are constrained, therefore, to hold that the matter excepted to affected a material right of the defendant. Nor is there anything in the chapter relating to bills of exceptions in criminal cases which indicates, to our minds, an intention on the part of the legislature to limit the right to settle such a bill of exceptions by the signature of bystanders to the time when the exception was taken.. Such a construction appears to be wholly unwarranted. How can a defendant know, until his bill is presented to the judge for approval, whether or not he will sign it? If, as is manifest, he cannot know, until such presentation,

whether he will need to settle his bill by the aid of the signatures of bystanders, and, if, when so presented to the judge, he refuses to sign the same, the defendant would be remediless in case time to settle the bill had been, as it was in this case, extended beyond the term. We conclude, then, that the matter contained in the "addendum" is of record, and that a party in a criminal case may avail himself of either mode provided by the statute for settling a bill of exceptions in case time to settle the bill has been extended beyond the term.

III. It is urged that the evidence does not sustain the verdict. Considering the entire record, we cannot concur in that view. The evidence of plaintiff shows that the defendant sought to accomplish his purpose by force; that he took hold of her, and pushed her into a bedroom, that he threatened to choke her and to kill her if she did not cease making an outcry; that he dragged her on the floor and threw her on the bed, and that he inflicted bruises upon her limbs. A physician testified to an examination of these bruises two or three days after the occurrence. The defendant's conduct when he knew the officer was looking for him, was hardly that of an innocent man. The defendant admitted to the officer that he had assaulted the prosecutrix against her will. Indeed, the record shows a state of facts which would have justified the jury in finding the defendant guilty of the crime charged in the indictment. Under the evidence, there is no reasonable doubt, as it seems to us, of the defendant's guilt. We have not intended to review the evidence in detail. We are satisfied that the defendant had a fair trial, and has no just cause for complaint.— AFFIRMED.