STATE OF IOWA V. MARION TRUSTY, Appellant.

**Prosecution for Rape:** INCLUDED OFFENSES:  SUBMISSION OF.  On a prosecution for rape, where there is evidence upon which the jury may convict defendant of any included offense, a failure to submit to the jury but the one question of rape, is error.

*Appeal from Winnebago District Court.*—HON. C. H. KELLY, Judge.

WEDNESDAY, DECEMBER 17, 1902.

DEFENDANT was indicted, tried, and convicted of the crime of rape, committed upon his stepdaughter, who, it is alleged, was under the age of consent, and he appeals to this court.—*Reversed.*

*Thomas H. Milner* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, 'for the State.

Deemer, J.—While a great number of questions are argued, the record is in such condition that we may consider but one, and that relates to the failure of the court to instruct as to included offenses. One count of the indictment charged the defendant with unlawfully, willfully, and feloniously making an assault upon the prosecutrix, and carnally knowing and abusing her; another, with carnal knowledge and abuse of the girl, who, it is alleged, was imbecile, and unable to understand the nature of, or to consent to, the act. The prosecutrix testified, among other things, that defendant told her to come into the bedroom. "He told me to set down on the bed. He told me to lay down. I told him I did not want to, but I could not help myself. I could not get away from him, as he had me down. I started up, and he said I should come, and he grabbed for me, and I was afraid I would get a licking. He made me lay down. He pushed me over after he made me come back. He called me to the bedroom, and forced me to do that. He laid me down on the bed and pushed me. Knew it was not right, but I could not help myself, and was forced to it." There was some question regarding the age of the child. Her mother testified that she was over fifteen, and there was some other evidence tending in the same direction. The defendant was a witness in his own behalf, and denied having had intercourse with the girl, but did not specifically deny the assaults. He simply said that he did not have intercourse with the girl at any time.

The court submitted but the one question,—guilty or not guilty of the crime of rape. In this there was manifest error. The charge included not only rape, but assault

with intent to commit rape, assault and battery, and simple assault. *State v. Desmond*, 109 Iowa, 80. There was evidence from which the jury might have found defendant guilty of any one of these included offenses, and, in view of defendant's evidence that he did not have intercourse with the girl, it was error not to charge that he might be convicted of the included offenses. Defendant was a competent witness, under our statute, and was entitled to have his theory of the case presented to the jury. As the indictment included the offenses named, and as there was evidence which would sustain a conviction of any one of them, the court was in error in not instructing with reference thereto. *State v. Kyne*, 86 Iowa, 616; *State v. Hutchinson*, 95 Iowa, 566; *State v. Beabout*, 100 Iowa, 162; *State v. Vinsant*, 49 Iowa, 241; *State v. Peters*, 56 Iowa, 263; *State v. Cross*, 12 Iowa, 66; *State v. Atherton*, 50 Iowa 189; *State v. Wolf*, 112 Iowa, 465; *State v. Walters*, 45 Iowa, 390; *State v. Clemons*, 51 Iowa, 278; *State v. Casford*, 76 Iowa, 332. The case differs from *State v. King*, 114 Iowa, 413, and other like cases, in that in each of them there was no evidence to sustain a verdict of guilty of any of the included offenses. See *State v. Beabout*, 100 Iowa, 162; *State v. Cater*, 100 Iowa, 504, and *State v. Reasby*, 100 Iowa, 231. In the *King Case* all that was done was with the assent of the prosecutrix, and there defendant was guilty of the crime charged, or not guilty. Here there was no consent, but an actual assault was committed, and there was evidence from which the jury might have found that no rape was in fact committed. The mere fact that such evidence came from defendant is not sufficient reason for failing to instruct as to the included offenses. That prejudice may have resulted from instructions requiring the jury to find defendant guilty of rape, or not guilty, is clearly shown by the authorities we have cited.

For the error pointed out, the judgment is reversed and the cause is remanded for a retrial.—REVERSED.