STATE OF IOWA, Appellee, v. OLIVER BROOKS, Appellant.

**TRIAL:** Instructions—Objections and Exceptions—Waiver—Failure
1  to Request Instruction. An exception, under Section 3705-a, Code Supplement, 1913, to an instruction, on the ground that it is incorrect as a statement of substantive *law*, is not waived by a failure to ask a specific instruction on the point in controversy. So held where defendant, in a criminal cause, excepted to an instruction which *excluded* assault and battery from the jury's consideration, but did not specifically request an instruction *including* such offense.

**RAPE:** Included Offenses—General Rule. Assault and battery and
2  simple assault should, on a charge of consummated rape on an adult or on an *infant*, be submitted, in the absence of some special reason justifying their exclusion.

**CRIMINAL LAW:** Trial—Instructions—Included Offense. Formula
3  for submitting or refusing to submit included offenses (assuming that the included offense is necessarily or expressly charged in the indictment):

(1) Submit if, in view of the evidence, the jury *might*, in the exercise of their right to believe or disbelieve, find the accused guilty of the included offense.

(2) Refuse to submit if, in view of the evidence, it would be the duty of the court to direct an acquittal were the accused charged with nothing more than the included offense.

Evidence reviewed, on a charge of consummated rape on an *infant*, and held to demand the submission of assault and battery and simple assault.

WITNESSES:  Impeachment—Impeaching  an  Impeaching  Witness.  An  impeaching  witness  may  not  be  impeached.  So held  where  such  a  witness  testified  that  the  reputation  of  a  certain  party  was  bad,  and  that  named  parties  had  so  told  him, such  named  parties  not  being  permitted  to  testify  that  they  had not  made  the  statements  attributed  to  them.

TRIAL:  Reception  of  Evidence—Exclusion  on  Insufficient  Objection —Effect.  Excluding  offered  evidence  on  an  *insufficient*  objection  will  be  sustained  if  a  *sufficient*  objection  did,  in  fact,  exist.

EVIDENCE:  Opinion  Evidence—Proper  Subject  of  Expert  Testimony.  "Whether  or  not  it  is  a  physical  impossibility  for  a young  person  to  have  sexual  intercourse  and  sleep  through  it all,"  is  a  jury  question—not  a  proper  subject  of  expert  testimony.

RAPE:  Evidence—Infant  Prosecutrix—Materiality  of  "Force." Assault  and  battery  cannot  exist,  *even  as  to  an  infant*,  without unlawful  force.  Unlawful  force  cannot  exist  if  there  be  valid consent.  A  mature  infant  may  consent  to  force.  It  follows that,  on  the  cross-examination  of  an  infant  prosecutrix  in  a charge  of  forcibly  consummated  rape,  any  line  of  examination is  material,  *on  the  included  issue  of  assault  and  battery*,  which tends  to  show  that  the  condition  of  her  mind  was  such  as  to render  improbable  any  occasion  to  apply  unlawful  force  to  her person.  So  held  where,  on  such  examination,  effort  was  made to  show  that,  prior  to  the  alleged  rape,  prosecutrix  had  indulged in  lascivious  language  and  conduct.

PRINCIPLE  APPLIED:  See  No.  8.

WITNESSES:  Cross-Examination—Scope  and  Extent—Antecedent Character  of  Witness—Credibility.  The  permissible  range  of cross-examination  embraces  not  only  matters  bearing  more  or less  directly  upon  pending  issues,  but  may,  as  bearing  on  the general  subject  of  credibility,  embrace  a  showing  of  the  *depraved  habits,  antecedents  and  character*  of  the  witness.

PRINCIPLE  APPLIED:  An  accused  was  on  trial  on  a  charge of  forcibly  consummated  rape  on  an  infant  under  15  years  of age.  The  testimony  for  the  State  tended  to  support  the  charge in  all  its  fulness.  On  the  cross-examination  of  the  prosecutrix, she  was,  in  substance,  asked:

(1)  If  she  had  not,  prior  to  the  alleged  rape,  discussed  with a  named  male  person  the  advisability  of  sexual  intercourse  be-

tween herself and said person provided a rubber instrument
was used; and

(2) If she had not, prior to the alleged rape, gone swimming,
in a naked condition, with boys.

An objection of immateriality was sustained.

*Held* admissible, because it bore not only (a) on the improb-
ability of the necessity to use force sufficient to constitute the
included offense of assault and battery, but also (b) on the cred-
ibility of the prosecutrix, as reflected by her depraved habits,
antecedents and character.

CRIMINAL LAW: Reception of Evidence—Order of Proof—Belat-
9 ed Testimony as to Venue. Testimony as to venue may be per-
mitted even after part of the arguments have been made.

TRIAL: Instructions—Form, Requisites and Sufficiency--Singling
10 Out Witness—Criminal Law. Instruction reviewed, in a crim-
inal case, and held not to unduly and prejudicially single out
the defendant and his testimony.

RAPE: Trial—Instructions—Nature of Offense. A charge which,
11 as given, fully impresses upon the jury that great care should
be exercised in arriving at a verdict in a rape case, sufficiently
meets a request for the giving of the ordinary instruction as
to the gravity of the charge, the ease with which it may be
made, the difficulty attending an attempt to disprove, etc.

RAPE: Nature and Elements—Rape on Infant. The elements of
12 force, consent, and resistance, on the part of an infant prosecu-
trix, are not material on the issue of defendant's guilt of rape.

CRIMINAL LAW: Instructions—Requests—Refusal—Harmless Er-
13 ror. Refusal of a requested instruction as to the matters which
might be taken into consideration in determining whether an
accused was guilty of a named offense is harmless, when, as to
such offense, the jury rendered a verdict of "not guilty."

CRIMINAL LAW: Instructions—Conflicting Instructions. Instruc-
14 tions reviewed, and held not contradictory.

*Appeal from Wapello District Court.*—SENECA CORNELL,
Judge.

NOVEMBER 21, 1917.

THE defendant appeals from a conviction of assault with intent to commit statutory rape.—*Reversed and remanded.*

*Jaques & Jaques,* for appellant.

*H. M. Havner,* Attorney General, and *H. H. Carter,* Assistant Attorney General, for appellee.

SALINGER, J.—I. The court charged affirmatively that the jury was limited to considering the charge of rape, and of assault with intent to commit it, and submitted forms of verdict covering these and acquittal only. Complaint of this charge was made by definite exceptions asserting that assault and battery and simple assault should also be submitted. The State raises the preliminary question whether this may now be complained of, in the absence of requested instructions covering the point specifically. So far as simple assault is concerned, there is no such question, because Instruction 10, offered and refused, did ask that assault be submitted. As to assault and battery, the complaint was made by definite exceptions to an instruction which excluded that offense, but made in no other way. We have, then, to determine whether a complaint that assault and battery should have been charged upon is waived because there was no request that it be submitted. In quite a number of our decisions made since the statute providing for advance exceptions to instructions was enacted (Section 3705-a, Code Supplement, 1913), we have held by very clear implication that complaints of instructions may be made on appeal though no requests cover the point, if the point is specifically made by exceptions duly taken. See *State v. Nott,* 168 Iowa 617, at 620; *Thomas v. Illinois Central R. Co.,* 169 Iowa 337; *Parkhill v. Bekin's Storage Co.,* 169 Iowa 455, at 468; *State v. Cooper,* 169

1. TRIAL: instructions: objections and exceptions: waiver: failure to request instruction.

Iowa 571, at 579; *American Fruit Co. v. Davenport Vinegar Works*, 172 Iowa 683; *Hanson v. City of Anamosa*, 177 Iowa 101; *Sawyer v. Hawthorne*, 178 Iowa 407. But the record in these cases does not disclose whether the error was a misstatement of law or merely a failure to charge all that might properly have been charged. Even before the passage of this statute, we held that no request was necessary if the charge given is a misstatement of the law. *State v. Pennell*, 56 Iowa 29. *In re Estate of Rule* (*Rule v. Carey*), 178 Iowa 184, does not help appellant here unless the instruction here given amounts to a misstatement, because it appears that the complaint of the instruction was that it was not justified by the evidence. However, in *State v. Fisher*, 172 Iowa 462, the complaint was of a failure to charge, and we declined review on the express ground that specific objections covering the very point—such as are required by the statute—were not made. And the case states the rationale of the matter by putting it on the ground that complaints may not be raised for the first time on appeal. We incline to think that charging a jury, in effect, that it must convict of no less than a stated offense, is, if error at all, a misstatement of law. Be that as it may, still said statute requires that the judge shall, before he reads his charge to the jury, present the instructions to counsel; provides they shall have a reasonable time to examine same; must make all objections or exceptions thereto before the instructions are read, and point out the grounds thereof specifically and with reasonable exactness; and that no objections that do not thus point out specifically the exact grounds thereof shall be thereafter considered. It is difficult to understand why this statute was enacted if, despite it, errors of omission in instructions may not be complained of unless a request for an instruction covers the omission. The making such request is but an effort to keep the trial court from making an error which might require

reversal, by inducing it to refrain from committing such error. The statute, if it does anything, provides a method for avoiding error by pointing out that, in regard specified, what is proposed to be charged is error. If the failure to make a formal request for instructions is fatal to review, it would seem the statute accomplished nothing, except that where, before, it was necessary to aid the trial court by one method, it is now necessary to use that method and also the statute method—the effect of using both being to call attention to the same error twice, and by different methods which accomplish just the one thing, i. e., to advise the court of a claim that the charge proposed to be given is erroneous. We think that, since the passage of said statute, any complaint of instructions can be made here if the same complaint was definitely made below, either by a request to charge or by objections to the charge.

II. This brings to us whether it was

2. RAPE: includ-
ed offenses:       error to exclude assault and battery and
general rule.      simple assault from consideration. If there
be no special reason that justifies their exclusion in the particular case before us, we are constrained to say the exclusion was erroneous, because all authorities agree that, on a charge of rape, these are included offenses, and that all included offenses should ordinarily be submitted. No one will question this in cases where the one assaulted is above the age of consent. The same is ordinarily true of assault when she is below that age. *State v. Vinsant,* 49 Iowa 241, 243; *State v. Desmond,* 109 Iowa 72; *State v. Blackburn,* 136 Iowa 743; *State v. Butler,* 157 Iowa 163; *State v. Hutchinson,* 95 Iowa 566; *State v. Trusty,* 118 Iowa 498; *State v. Egbert,* 125 Iowa 443. As to assault and battery, the same is held by the strongest of implication in *State v. Steffens,* 116 Iowa 227. In *State v. King,* 117 Iowa 484, there is added that assault and battery should be submitted unless it appears that a

prosecutrix under the age of consent consented. But, the indictment covering the included offenses, it is still required that the evidence justify their being submitted.

## 2-b

There is no question as to the general rule. A multitude of decisions hold that included offenses need not be submitted when the court may hold, as matter of law, that, if any wrong was done, the highest offense charged was committed. As applied to the subject in hand, it has been held that included offenses need not be submitted where (1) the evidence "shows beyond question" that defendant was guilty of the major offense, if guilty at all (*State v. Beabout*, 100 Iowa 155); (2) where the evidence so clearly shows the major offense was committed as that no other conclusion can be reached on the evidence (*State v. Sherman*, 106 Iowa 684, at 687, *State v. Harrison*, 167 Iowa 334, *State v. Marselle*, [Wash.] 86 Pac. 586, at 587); (3) if there be no evidence on which the finding of a lower offense may properly rest, and the jury could not convict of such lower offense on the evidence (*State v. Ralston*, 139 Iowa 44, at 47, *State v. Novak*, 151 Iowa 536, 540); (4) if there be no room to claim that assault and battery should be submitted (*State v. Snider*, 119 Iowa 15, at 20); (5) if there is no evidence of an included offense charged, as construed in *State v. Trusty*, 118 Iowa 498, at 500; (6) if there be "not the slightest evidence" of opposition by an infant, and she herself testifies to full consent (*State v. Jones*, 145 Iowa 176); (7) if the evidence of consent is conclusive, and there is no evidence of any offense below attempt to rape (*State v. King*, 117 Iowa 484, at 492). *State v. McDevitt*, 69 Iowa 549, holds that, mere pursuit being shown in an attempt to commit rape, assault and battery should not be submitted. On the other hand, included offenses should be submitted if (1) there is any evidence of their commission; (2) if, under

the evidence, "the jury might believe the defendant guilty" thereof (*State v. Mitchell*, 68 Iowa 116, *State v. Atherton*, 50 Iowa 189, *State v. Trusty*, 118 Iowa 498, at 500) ; (3) if there be some evidence from which a jury may believe the included offense only was committed (*State v. Vinsant*, 49 Iowa 241, at 244, *State v. Woodworth*, 168 Iowa 263, *State v. Perkins*, 171 Iowa 1, at 2). In *State v. Egbert*, 125 Iowa 443, the State insisted that, if the jury found the defendant guilty of anything, it must have been no less than assault with intent to commit rape, because the prosecutrix was under the age of consent. We answered that this was not so, because the jury might have found assault and battery, or assault to inflict great bodily injury, upon the testimony of the prosecutrix alone, though prevented from finding assault with intent to rape, because there was no corroboration.

It is said in *State v. Cody*, 94 Iowa 169, that an instruction which excludes lower degrees charged operates to take from the jury the right to convict of a lower degree, which has full support in the evidence, because the same evidence as conclusively warrants a conviction of the higher degree. The effect of *State v. Sayles*, 173 Iowa 374, is that, in the haste of the trial, and in view of the fact that error therein may be corrected later, the trial court does not have to nicely balance evidence in determining whether to submit the major offense, and that it may submit the same unless "the record contains no evidence having a tendency to favor the higher offense," even though the evidence as finally put in will not sustain a conviction of the higher offense. Though there is some confusion in the cases, we think the right rule is: Since a verdict may not be directed against the defendant, and since an exclusion of an included offense is, in a sense, a direction for him, it is proper to rule that defendant shall not be put on

3. CRIMINAL LAW: trial: instructions: included offense.

trial for an included offense if it would be proper to direct a verdict of acquittal were he charged with that offense alone. In other words, if an indictment charge rape, or an attempt to rape with force and arms, and the jury can find force was used, assault and battery should be submitted, and if, on such indictment, the jury can find from the evidence that there was no force, but still an assault, then simple assault should be submitted.

### 2-c

The charge here is consummated rape upon an infant, committed with force and arms. The testimony on part of the State asserted most positively that such an offense was committed. Consent not being involved, the verdict of assault with intent to commit rape of necessity declares that rape was not committed. In the language of *State v. Ralston,* 139 Iowa 44, at 47, there was a completed rape in this case, had the jury believed prosecutrix. And see *Commonwealth v. Cooper,* 15 Mass. 180; *State v. Walters,* 45 Iowa 389; *State v. Vinsant,* 49 Iowa 241; *State v. Cross,* 12 Iowa 66; *State v. Peters,* 56 Iowa 263. We said in *State v. Barkley,* 129 Iowa 484:

"But such a verdict may involve the credit to be given the witnesses for the State to such an extent as that it should not be allowed to stand."

It is true that a verdict for an included offense which there is evidence to sustain does not base a claim that it is not warranted because the jury failed to convict of a higher offense of which the evidence is conclusive. *State v. Cody,* 94 Iowa 169, at 172. And see *State v. Archer,* 54 N. H. 465, at 468; *Pratt v. State,* (Ark.) 10 S. W. 233; *State v. Barkley,* 129 Iowa 484; *Wilson v. State,* 24 Conn. 57; *Commonwealth v. Cooper,* 15 Mass. 180; *State v. Morris,* 128 Iowa 717. But that does not quite meet the situation. To make it applicable, it must first be assumed that the evi-

dence of the major offense was so conclusive as that a find-
ing of the lower one exhibits mercy rather than judgment.
At all events, the rendition of such a verdict as was here
returned has some tendency to establish that the testimony
concerning the major offense was such as that it became a
fair question for a jury which offense was committed. As
for the rest, following the rule in *State v. Asbury,* 172 Iowa
606, we have to say that, if the prosecutrix is to be believed,
there was force, resistance to the utmost of her powers, and
no consent, and the jury could find, as it did, that no rape
was committed, and none attempted. It follows the court
erred in stopping the consideration of the jury at assault
with intent to rape. See *State v. Vinsant,* 49 Iowa 241;
*State v. Mitchell,* 68 Iowa 116; *State v. Barkley,* 129 Iowa
484, at 486; *State v. Harrison,* 167 Iowa 334, 336; *State v.
Trusty,* 118 Iowa 498; *State v. Blackburn,* 136 Iowa 743;
*State v. Mitchell,* (Kan.) 38 Pac. 810.

III.   There was an attempt to do what
4. WITNESSES:   may be described, typically, as an effort to
impeachment:
impeaching an   show that witnesses who had said a reputa-
impeaching
witness.        tion was not good, and that certain persons
had so told them, had not been told this by
such persons.  The court refused to permit this, we think
rightly. See *Hofacre v. City of Monticello,* 128 Iowa 239;
*State v. Woodworth,* 65 Iowa 141.

IV.   The defendant sought to have a
5. TRIAL: re-   medical witness say "whether or not it is a
ception of evi-
dence: exclu-   physical impossibility for a young person to
sion on insuf-
ficient objec-  have sexual intercourse and to sleep through
tion: effect.   it all." To this an objection that it was in-
competent, not rebuttal, and that no foundation had been
laid in the evidence for it, was, over exception, sustained.
It is probable that the objections made are not well taken.
But where an objection is sustained, it is not controlling

that the objections made do not state a good reason for the ruling made upon them, and we inquire only whether there is any sound reason for sustaining them. We are of opinion that this testimony was rightly excluded.

**6. EVIDENCE: opinion evidence: proper subject of expert testimony.** The matter inquired into is not peculiarly within knowledge obtainable only by special study, and to have permitted the witness to answer would have been an invasion of the province of the jury. See *State v. Peterson*, 110 Iowa 647, 651; *State v. Taylor*, 103 Iowa 22, 23; *People v. Clark*, 33 Mich. 112; *People v. Baldwin*, (Cal.) 49 Pac. 186; *State v. Teipner*, (Minn.) 32 N. W. 679; *Cook v. State*, 24 N. J. L. 843, 852; *Gould v. Schermer*, 101 Iowa 582, 590; *Woodin v. People*, 1 Parker's Crim. Rep. (N. Y.) 464; Lawson, Opinion Evidence, page 148; Underhill, Criminal Evidence, Par. 412, page 691; Rogers, Expert Testimony, page 152.

At some stage of the trial, defendant made offer to show what he expected to prove by medical witnesses, whom he had interrogated as above shown, and explained that failure to offer earlier was due to oversight. On objection, *inter alia*, that the offer was not timely, same was rejected. We have no occasion to go beyond saying that, since we hold such testimony to be inadmissible, it was not error to decline this proffer, no matter at what stage of the trial it was made.

**7. RAPE: evidence: infant prosecutrix: materiality of "force."** V. On the cross-examination of prosecutrix, she testified that she knew one Curtis Duke. She was then asked:

"Q. You have been with Curtis Duke, have you?"

To this, the objection that it was immaterial was sustained, under exception. Then came the question:

"Before this night you claim you were out automobile riding, you were out with Curtis Duke, going on West Second Street toward your home, discussing with him the

advisability of going up into the park, and he promising you to use a rubber instrument when he had sexual intercourse with you, were you not?"

Answer to this was excluded on the same objection, and so of the question next propounded:

"Before this night in question, you went in swimming in the Des Moines River, naked, with boys?"

8. WITNESSES:
cross-examina-
tion: scope
and extent:
antecedent
character of
witness: cred-
ibility.

Was this testimony immaterial? A thousand authoritative decisions may readily be found that such testimony is admissible on the cross-examination of an adult prosecutrix, because it tends to show that force would not be apt to be necessary as to one guilty of such acts. In the cases wherein it is held that such cross-examination is not permitted as to an infant, the holding is put on the sole ground that, in statute rape and the like, consent or want of it is immaterial. These decisions would be sound if the use of force can never be material in the charge of raping an infant. It is unquestionable that, for some purposes, consent is immaterial; for instance, against the claim that force must, in such case, be proved, because the indictment charges the use of force. *State v. Scroggs,* 123 Iowa 649; *State v. Anderson,* 125 Iowa 501, 502; and see *State v. Erickson,* 45 Wis. 86. But does it follow that force is wholly immaterial? It would seem that, whenever this is asserted, it is overlooked that, if testimony tending to negative force is admissible on the cross-examination of an adult prosecutrix because it tends to negative force, that, therefore, such testimony cannot be immaterial if force or its absence becomes material in the trial for assault upon an infant.

There can be no assault and battery without force, and surely that offense can be committed upon an infant. See *State v. Fetterly,* (Wash.) 74 Pac. 810, and *State v. Heft,* 148 Iowa 617. And it has often been held that, though

prosecutrix be below age, the presence or absence of force must be considered on whether assault and battery should be submitted to the jury. *State v. King,* 117 Iowa 484, at 492; *State v. Jones,* 145 Iowa 176; *State v. Stevens,* 133 Iowa 684; *State v. Steffens,* 116 Iowa 227; *State v. Trusty,* 118 Iowa 498, at 500.

The questions asked were, in the light of the situation existing when they were asked, and of the whole record, an attempt to show that the use of force was wholly unnecessary. If the jury reached a point where it considered whether to find defendant guilty of assault and battery, rather than of simple assault, or to acquit, anything that bore on whether or not force was used was material. It may be suggested that letting in such testimony might lead to its being considered for more than that, and that it would have a tendency to divert the jury from where its consideration should be centered. That is no more true here than where such testimony is admitted in assaults committed upon persons above the age of consent. In both cases, this possibility does not justify exclusion, but merely requires proper instructions limiting the effect of such testimony. We are of opinion that answer should have been permitted, if for no other reason than because, for all that could be told at the time when answer was excluded, the jury might reach a point where the presence or absence of force would determine what the verdict should be, as between assault and battery, simple assault, and acquittal. Nor is that the sole reason for its admissibility.

In *Bessette v. State,* 101 Ind. 85, the prosecuting witness, a child, under age, was not permitted to answer on cross-examination whether she had not, on an occasion when absent from home with her stepfather, occupied the same bunk with him, and whether or not she had not told persons, whose names were given, that her stepfather had told her about matters relating to the begetting of children

and commerce between the sexes, and other matters, which indicated, if true, an utterly debased and depraved condition of mind in both. The court says that, while the rule that specific acts of immorality or misconduct of a witness cannot be proved for the purpose of discrediting him is well settled, and is not to be infringed upon, that rule is not involved in the question under consideration, because the question here is as to the extent to which a cross-examination of a witness may go, when the object of it is to impair his credibility by questions tending to show, say, that he is depraved in character, or that his habits and antecedents are immoral and infamous, which are ordinarily collateral to the main inquiry, and cannot become the subjects of independent proof from other witnesses, except in the manner provided by statute. *State v. Dudley,* 147 Iowa 645, at 651, sustains this position, at least inferentially. It involves statute rape. Defendant offered to show that prosecutrix had, prior to the alleged rape, a note in her possession saying the writer would meet her "tonight" and have intercourse with her. On objection, this evidence was excluded as immaterial and incompetent, and we said, in sustaining this ruling:

"That the mere possession of such a paper, addressed to no one and unsigned, did not tend to show that she had indulged in sexual intercourse, is too evident for discussion."

Up to this point, it is at least inferentially conceded that the examination would have been material if it *had* tended to show such intercourse. This is made more clear by the further statement that "possibly it might tend to prove an unchaste mind, but no inference of the commission of the act could properly have been inferred therefrom. For this reason, *State v. Bebb,* 125 Iowa 494, and *State v. Height,* 117 Iowa 650, are not in point."

Another reason is that cross-examination is always permissible to reveal the antecedents of the witness. Wharton, Evidence, Secs. 544, 545; *Johnson v. Wiley,* 74 Ind. 233;

*Commonwealth v. Bonner,* 97 Mass. 587. It is said in *Real v. People,* 42 N. Y. 270, a witness, on cross-examination, may be asked whether he has been in jail or state prison, and how much of his life he has passed in such places. *People v. Arnold,* 40 Mich. 710, was a prosecution for larceny from a store, committed while the merchant's attention was engaged by defendant. The merchant being the complaining witness, and having stated that he had once been in a banking firm, it is said he should have been allowed to answer, on cross-examination, "Did you not, while a member of that firm, extract from an envelope securities which were left in your vault for safe-keeping, and use their proceeds in stock speculations in New York?" and this though the witness might refuse to criminate himself. And in *Zanone v. State,* (Tex.) 36 S. W. 711, it is held that a witness in a murder trial may be questioned, on cross-examination, as to recent specific acts of moral turpitude on his part not involving a criminal offense, for the purpose of affecting his credibility. And it is a general rule that any cross-examination is permissible which will serve substantial justice, by permitting the trier to determine credibility by being given insight into the character of the witness. *Wroe v. State,* 20 Ohio St. 460; *Wilbur v. Flood,* 16 Mich. 40; *City of South Bend v. Hardy,* 98 Ind. 577, at 580; *Great Western Turnpike Co v. Loomis,* 32 N. Y. 127; *Shepard v. Parker,* 36 N. Y. 517.

The true rule may not be obscured by the fact that credibility is not affected by all depravity, and that much depends upon the nature and degree of the moral obliquity. That a jury may believe the witness, though depravity appear, is no argument for not letting it consider depravity. It is simply impossible that child or adult, being shown to have indulged in such practices as were here sought to be inquired into, are, as matter of law, as worthy of belief as they would be if not guilty of them.

VI.   After   one   argument   had   been

9. CRIMINAL
LAW: recep-
tion of evi-
dence: order
of proof: be-
lated testi-
mony as to
venue.

made, and defendant had waived his argu-
ment, counsel for the State applied for and
was given permission to recall the prosecut-
ing witness, to have her make clearer proof
of venue, counsel being uncertain as to just what the record
made at that time showed on that point.   This action of
the court is complained of.   It was one that is very largely
indeed within the sound discretion of the trial court, and
never interfered with unless abuse of such discretion clear-
ly appears,—and no such showing is made in this case.   See
*State v. Thomas,* 158 Iowa 687.

VII.   It is complained of Instruction 14

10. TRIAL: in-
structions:
form, requi-
sites and suffi-
ciency: sing-
ling out wit-
ness: crim-
inal law.

that it singles out the testimony of defend-
ant and calls special attention to it and to
his interest in the case, and to the unreason-
ableness or reasonableness of his story; that
these general matters are fully covered in
Instruction 17, and therefore there was no occasion for us-
ing Instruction 14 to direct the jury's particular attention
to defendant as a witness; and that there was especially
no reason why he should be singled out and his interest
dwelt upon, without dwelling upon that of the prosecuting
witness.   A mere setting out of the instruction complained
of meets the objection.   It was:

"The defendant has testified in this case as a witness,
which he had a right to do under our laws, which gave him
that privilege and made his testimony competent.   You
should consider his testimony and apply to it the same
tests that you would to that of any other witness, taking
into consideration, among other things, the extent of his
interest in the result of the case; his apparent candor, or
want of it; the reasonableness or unreasonableness of his
narrative of events; and all the other tests you apply to the
testimony of other witnesses; and then give to his testi-

mony such weight as you may find it justly entitled to."

VIII.   The refusal of Instruction 7 is

**11. RAPE: trial: instructions: nature of offense.** complained of.   While it might well have said so in terms, it did say in effect—and that suffices—that the crime charged here is a serious one, and such charge is easily made and hard to contradict or disprove; it is that character of crimes that tends to create prejudice against any man who is charged with such an offense; that, for this reason, it is the duty of the jury to weigh the testimony carefully, to scrutinize all of the circumstances in the light of reason and common sense, and then determine with deliberate judgment what is the very right of the matter, uninfluenced by the nature of the charge made against the defendant.   And the charge fully and sufficiently impressed that great care should be given the verdict.

IX. \ Instruction 9 is that a rape may

**12. RAPE: nature and elements: rape on infant.** be committed or attempted upon a female child under the age of consent, though force is neither used nor intended, and though the child consents, or fails to resist.   It is said to be erroneous, because there cannot be an assault without force used or intended.   The instruction states the law correctly, as far as it goes.   Neither the use of force nor intention to use it, consent or failure to resist, are material on whether an infant was raped—and that is all the instruction rules.

X.   Defendant offered an instruction

**13. CRIMINAL LAW: instructions: requests: refusal: harmless error.** going into very full detail as to what the jury might take into consideration in determining whether the rape charged was established by the evidence.   It was refused.

But the request was substantially embodied in an instruction which the court did give, and its thought further covered by the usual general instruction on what the jury might consider.   Moreover, the refusal was at all events,

without prejudice, because the jury did not find defendant guilty of rape.

XI.   Instructions 10 and 11, offered and refused, are, in effect, that, if there is a reasonable doubt that defendant is guilty of rape, the jury should consider next whether he is guilty of assault with intent to commit rape; that, if the jury finds defendant is guilty of some crime, but has doubt as to the degree or included offense of which he is guilty, it should find him guilty of that lower degree or included offense as to the commission of which it has no reasonable doubt.   A mere inspection of Instructions 6 and 7 which the court gave shows that they are the substantial equivalent of the ones offered, in so far as consideration, step by step, is considered.

XII.   Instruction 7 tells the jury that, if it finds that, within 18 months before finding the indictment, the defendant unlawfully, wilfully and feloniously made an assault upon prosecutrix, a female child under 15 years of age, with the specific intent to have carnal knowledge of her, then there should be a verdict finding him guilty of assault with intent to commit rape.

14. CRIMINAL LAW: instructions: conflicting instructions.

It is said that this and Instruction No. 9 conflict.   The last tells the jury that, if it finds prosecutrix was, at the time at which it is claimed such assault was committed, under the age of 15 years, then neither the use of force, consent or failure to resist, are material either on rape or assault with intent to commit it.   The mere setting out of the two instructions demonstrates that the complaint that they conflict is not well made. .

For not submitting assault, and assault and battery, and for the refusal to allow the cross-examination of prosecutrix, there must be a reversal.—*Reversed and remanded.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.