## THE STATE v. DAY.

1. **Criminal Law:** JURISDICTION OF COURT: PRACTICE. The defendant was arrested in Wisconsin without any warrant, and before any complaint or indictment was made or filed against him in Iowa, or elsewhere, and was then brought into Iowa, and there duly arrested, indicted, tried and convicted. *Held*, that the courts of this State, upon the trial of an indictment upon a plea of not guilty, will not inquire whether the defendant was properly or improperly brought within the jurisdiction of the court; and that a party cannot claim immunity from an offense charged on such ground.

2. **Practice in the Supreme Court:** RULES OF COURT: ABSTRACT. The Supreme Court is not required under section 4538, Code, to examine the transcript in a criminal case for the purpose of determining whether the verdict is sustained by the evidence, or as to alleged errors in the instructions, where the defendant is represented by counsel, and has made no application to have the rules of court waived, or so modified as to allow him to present an abstract in manuscript.

*Appeal from Clayton District Court.*

TUESDAY, JUNE 13.

INDICTMENT for burglary. Trial, and conviction, and defendant appeals,

*S. K. Adams,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ROTHROCK, J.—I. After the trial in the court below the district attorney and the attorney for the defendant entered into the following stipulation. "It is. stipulated in the above entitled cause between defendant and the district attorney of the 10th judicial district of Iowa, that defendant was arrested in Wisconsin, before any complaint or indictment was made or filed against him in Iowa, or any where else; that the arrest was made without any warrant or legal process and on suspicion; that the arrest was made by the officers of Prairie du Chein in connec-

tion with the officers of Clayton county, Iowa; that defendant objected to being taken to Iowa, and protested with the officer against being arrested in Wisconsin and taken therefrom to Iowa; that the said officers disregarded his protests and brought him within the jurisdiction of said District Court, for the purpose of having an information filed against him and a warrant issued thereon in Clayton county, Iowa; that defendant was held in custody, under said process, being a warrant issued in Clayton county, Iowa, on the same day of his arrest and after he was brought into Clayton county, Iowa; that he was regularly indicted and duly arraigned in said court, and plead not guilty to the indictment. On the trial the foregoing facts appeared in the testimony, and defendant moved the court for discharge of defendant before the case was submitted to the jury. The motion was overruled and defendant excepted to the ruling. Defendant was convicted by the jury and sentenced to six years in the penitentiary.

"It is hereby stipulated to submit the question of jurisdiction raised under the above facts."

It is contended by counsel for appellant that the motion for a discharge should have been sustained.

The removal of the defendant to this State without warrant or authority may have been illegal under the laws of Wisconsin. If it was, the parties guilty of wrong are amenable to the laws of that State. But the courts of this State will not, upon a trial of an indictment upon a plea of not guilty, inquire as to whether or not the defendant was properly or improperly brought within the jurisdiction of the court. A party cannot claim immunity from an offense charged upon any such ground. Counsel cite *State v. Hufford*, 28 Iowa, 391, in support of the claim made that the defendant should have been discharged. In that case the defendant was arrested in this State as a fugitive from justice, on the charge that he had committed a murder in the State of Illinois. He was taken before a justice of the peace

and entered into a bond for his future appearance and made default, and suit was brought upon the bond. It was held that there could be no recovery upon the bond because it did not appear that the defendant was charged with the crime in Illinois, by way of indictment, information, nor by any accusation known to the law. This statement of the case is sufficient to show that it has no application to the case at bar.

II. It is urged that the court erred in its instructions to the jury, and that the verdict is not supported by the evidence. Neither the evidence nor the instructions to the jury are embodied in the abstract. We are requested to examine the transcript, and it is claimed that the defendant is entitled to such examination under section 4538 of the Code. That section provides that the Supreme Court must examine the record in an appeal in a criminal case, and without regard to technical errors, or defects which do not affect the substantial rights of the parties, render such judgment on the record as the law demands.

*2. PRACTICE: rules of court: abstract.*

The rules of this court require the evidence to be abstracted and the abstract of evidence and instructions of the court to be printed. In cases where it is shown by proper evidence that a party has no means by which the printing can be done, the rules are suspended so as to allow counsel to present abstracts in writing, and in a few cases the abstracting has not been required. Now while it is true the statute requires the court to examine the record, there is nothing therein prohibiting the court from making reasonable rules relating to practice upon appeals.

The rules provide that upon a sufficient showing in any case they may be waived or modified. They point out the manner of making such application and by whom the modifying order may be made.

No such application has been made in this case. We are not required therefore to examine the transcript, as the defendant is represented by counsel in this court, who could

have upon the proper showing presented abstracts in manuscript.

III. It is claimed the punishment is excessive. Whether this be true or not we cannot determine without the evidence.

AFFIRMED.