THE STATE OF IOWA, Appellee, v. HENRY MOORE, Appellant.

1. **Incest**: EVIDENCE: RELEVANCY. Upon a trial under an indictment for the crime of incest committed by a father with his daughter, evidence that the defendant had six years previous quarreled with his sons, and caused them to leave his house for causes having no relation to the commission of the crime, is irrelevant.

2. ——— ; ——— : INSTRUCTIONS: VERDICT. A verdict of a jury that has been found against an instruction of the court will be set aside, even though such instruction contain an erroneous statement of the law.

3. ——— : ——— : CORROBORATION OF PROSECUTRIX. The sufficiency of corroborating evidence in such cases is for the jury to determine.

*Appeal from Wayne District Court.*—HON. R. C. HENRY, Judge.

TUESDAY, JANUARY 20, 1891.

THE defendant was indicted, tried and convicted of the crime of incest; and, his motion for a new trial being overruled, judgment was pronounced against him, from which he appeals.

*Freedland & Miles* and *W. H. Tedford*, for appellant.

*John Y. Stone*, Attorney General, for the State.

GIVEN, J.—I. On the trial the state was permitted to introduce testimony, over defendant's objection,

*1. INCEST: evidence: relevancy.* showing that a difficulty occurred in 1879 between the defendant and his sons, then residing at home ; that he told them to leave; and that they did so, and remained away. It is claimed on behalf of the state that the defendant drove the boys away, to make more convenient opportunity to commit the offense charged. This quarrel occurred more than six years before the time the crime is alleged to have been committed, and for causes then existing, that have no relation whatever to the commission of the crime. According to the prosecutrix's own statement, it was several months after the boys left that defendant first made improper proposals to her. There was no relevancy between this difficulty with the boys in February, 1879, and the commission of the crime charged, in September, 1885. Relevancy is that which conduces to the proof of a pertinent hypothesis. No circumstance is relevant which does not make more, or less probable the proposition at issue. 1 Whart. on Evidence, sec. 20. We think the court erred in overruling the defendant's objection to this testimony, and that its admission was prejudicial to him.

II. The indictment charges that the crime was committed in September, 1885. The only testimony as to

*2. ——:——: instructions: verdict.* the time it was committed is that of the prosecutrix, and date of the birth of her child. She gives the date of their first intercourse as September 22, 1885, and the second and only other intercourse as occurring about a week after the first. The child was born March 24, 1886. There was no testimony whatever from which to find that the crime was committed later than the first days of October, 1885. The court instructed the jury that, to convict, they must find beyond a reasonable doubt that "within three years prior to the finding of the indictment, which finding was on the twelfth day of January, 1889, the defendant and the said Theresa Moore carnally

knew each other." It was the duty of the jury to accept this instruction as the law, and to be governed by it. This being the law of the case, there was no evidence upon which to convict under it, as the undisputed testimony is that the crime was committed more than three years before the finding of the indictment.

The testimony shows that the defendant was a nonresident of this state during a part of the three years preceding the finding of the indictment, but the instructions are silent as to that fact. In *Way v. Railway Co.*, 73 Iowa, 468, it is said : "We will not inquire whether the instruction is correct or not. It was given as the law of the case, and should have been respected by the jury. A verdict which has been found against the instructions of the court should be set aside, even though the disregarded instructions should be erroneous." "The instructions, whether right or wrong, constitute the law of the case, and it was the duty of the jury to follow them." *Crane v. Railway Co.*, 74 Iowa, 334. See, also, *Browne v. Hickie*, 68 Iowa, 330 ; *Griffith v. Railway Co.*, 72 Iowa, 645 ; *Musser v. Maynard*, 59 Iowa, 11 ; *Stewart v. Smith*, 60 Iowa, 275 ; *State v. Adams*, 78 Iowa, 292. The verdict is not in accordance with the law as given by the court and the evidence.

III. It is contended on behalf of appellant that Theresa Moore is not corroborated by other evidence tending to connect the defendant with the commission of the offense. The court instructed that such corroboration was necessary to convict. We are not called upon to say whether the provisions of section 4560 of the Code apply to prosecutions for incest or not; but only to determine whether there is other evidence tending to connect the defendant with the commission of the offense, than that of the prosecuting witness. On March 8, 1888, the prosecuting witness wrote to the defendant, threatening him with indictment if he did not give her five hundred dollars. On March 14, following, he wrote to her a letter abounding in warnings. It is unnecessary that we state the contents of that

3. ——: ——: corroboration of prosecutrix.

letter.    It is sufficient to say that, unexplained, it tends
to corroborate the prosecuting witness in her testimony
connecting the defendant with the commission of the
crime charged.    It is the province of the jury to say in
how far the defendant's statements are explained upon
any other hypothesis than his guilt, and what weight
should be given to the testimony introduced as corrob-
orating.

It is unnecessary that we notice other questions
discussed, as they will not arise on retrial.    For the
errors mentioned, the judgment of the district court
must be REVERSED.