## STATE OF IOWA v. GEORGE FRENCH, Appellant.

**Corroboration:** INSTRUCTIONS. It is proper to define the corrobora-
2  tive evidence required in rape to be evidence "tending" to connect
defendant with the commission of the offense. Under Code, 4560,
it is not necessary to tell the jury that such testimony "must
strengthen" the other evidence.

**Practice Supreme Court.** Where the abstract does not purport to
1  contain all the evidence and an undenied amendment asserts that
it does not present it, the sufficiency of the evidence cannot be
reviewed.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

TUESDAY DECEMBER 10, 1895.

Indictment for rape. Verdict of guilty, and judgment thereon. The defendant appealed.—*Affirmed.*

*Hays Bros.* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

Granger, J.—The first two propositions argued by the appellant are the sufficiency of the evidence to support the verdict, and the insufficiency of the evidence as to corroboration. The record will not permit us to consider either of these questions, for it does not appear that the abstract is one of all the evidence. There is no statement whatever of what the abstract contains. There is the certificate of the trial judge as to the bill of exceptions, but that can have no reference to the abstract, which must have been made after the bill of exceptions was completed. See *Fulliam v. City of Muscatine*, 70 Iowa, 436 (30 N. W. Rep. 861); *State v. Hogan*, 81 Iowa, 747 (45 N. W. Rep. 903); *State v. Moore*, 77 Iowa, 449 (42 N. W. Rep. 367); *State v. Kuhner*, 77 Iowa, 250 (42 N. W. Rep. 182). Without an abstract of all the evidence we cannot consider questions which might be affected by the omitted part. It may further be said, that appellee denies that the abstract is one of all the evidence, and that statement is not denied.

II. There is a complaint of the twelfth and thirteenth instructions, as stating the rule as to corroboration incorrectly. The rule given in the instructions is that, to justify a conviction, the prosecutrix (being the person injured) must be "corroborated by other evidence tending to connect the defendant with the commission of the crime." In one instruction it is said: "The corroborating evidence required to warrant a conviction must be evidence tending to strengthen and corroborate the said Mattie Harkness." The criticism is as to the word "tending." It is said that the testimony "must strengthen" the other evidence. The difficulty with the argument is the statute, which provides that, before a person shall be convicted of rape on the testimony of the person injured, she must be "corroborated by

other evidence tending to connect the defendant with the commission of the offense." Code, section 4560. The court used both the words "strengthen and corroborate," of which defendant could not well complain. See *State v. Moore*, 81 Iowa, 578 (47 N. W. Rep. 772); *State v. Watson*, 81 Iowa, 380 (40 N. W. Rep. 868). The instructions seem to us to be very fair to the defendant, so far as we can judge of them as abstract rules of law, and in no other way can we consider them with the state of the record. There is also a complaint as to the instructions "8 to 11, inclusive," but the complaints involve a consideration of evidence, which we have not before us.

III.    In the closing argument of the case to the jury, Judge Crozier, of counsel for the state, used the following language: "It is said here that the idea of rape would never have been thought of, if it had not been for some hounds in Marion county, who got this up because they did not like French, and I state to you that the record in the case shows that the transaction occurred on the sixth day of June, and this prosecution was commenced on the seventh day of June, so that there was not much time for them to have manufactured the case." The language was objected to at the time, "because the information was not introduced in evidence." The abstract shows no action of the court whatever as to the objection. We are not able to say but that the statement, in argument, had full support in the record, in some ways, for, as has been before said, the abstract is not one of all the evidence. The judgment is *affirmed.*