STATE OF IOWA V. AUGUST STROHBEHN, Appellant.

**Practice in the Supreme Court:** ABSTRACT. When the abstract does not assert that it contains all the evidence, the sufficiency of the evidence and whether instructions were applicable and sufficiently full cannot be determined on appeal, though the certificate of the reporter to the shorthand report and the bill of exceptions were set out.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, DECEMBER 12, 1895.

Defendant was indicted, tried, and convicted of the crime of rape, and he appeals.—*Affirmed.*

*Schmidt & Vollmer* for appellant.

*Milton Remley,* attorney general, for the state.

Deemer, J.—There is no statement in the abstract that we have all the evidence, nor does it purport to contain the entire record. True, we have a copy of the certificate of the shorthand reporter, and of the bill of exceptions signed by the judge, but they are not sufficient. *State v. Hogan,* 81 Iowa, 747 (45 N. W. Rep. 903); *State v. Day,* 58 Iowa, 678 (12 N. W. Rep. 207); *State v. French,* 96 Iowa, 255; (65 N. W. Rep. 166). On the first page of the abstract, we find this statement: "Agreed Abstract of Record." This would ordinarily be sufficient, in the absence of a denial, to show that the abstract was agreed to. But in this case the abstract does not purport to be signed by anyone, not even by the attorneys for appellant; and the attorney general, in effect, denies that the abstract was agreed to. If we should hold, however, that it is an agreed abstract, we cannot give it any more extended effect than it purports on its face to have. All that can properly be claimed for it is that it shows that certain witnesses' testimony was taken upon the trial in shorthand, and that afterwards these notes were extended and filed in court, and this testimony is set forth in the abstract. There is no claim anywhere that this was all the testimony introduced upon the trial, and no agreement to this effect, even if it be conceded that the abstract is an agreed one. The principal complaint lodged against the verdict is that it is not supported by the evidence. As we do not have all that was introduced in the court below, we cannot consider this objection.

II.  Certain instructions are complained of. We have examined each and all which are attacked and find that they contain correct statements of the law. Whether they were applicable to the facts proved, or whether the court erred in not giving more elaborate

ones, we cannot determine, for the reasons stated in the first division of this opinion. For the reasons stated the judgment is *affirmed.*