OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D., 1898.

AND IN THE FIFTY-SECOND YEAR OF THE STATE.

---

## STATE OF IOWA v. JOHN BAKER, Appellant.

**Rape:** EVIDENCE OF COMPLAINTS. It was testified that the victim of an attempted rape soon after told her mother and another of a pain in the stomach, across her back, and in her throat. *Held* that this did not relate to the details of the assault.

**Same:** *Harmless error.* Admission of the statement of the victim of an attempted rape, attributing pain in her stomach to the position of the man's knees on her abdomen, was harmless, where it was not denied that some one committed the assault, since it did connect accused with it.

**Curing error** Testimony of a constable, arresting one accused of attempted rape, as to what others said to him while in pursuit, went in without objection, and motion to exclude it was overruled. At the close of the examination all such testimony was stricken, and the jury cautioned to disregard it. *Held*, that the error was cured.

**Identification:** CORROBORATION. An attempted rape was committed near a school house a few minutes past 8, A. M. Accused left a

(99)

| 106 | 99 |
| 122 | 155 |

| 106 | 99 |
| 124 | 16 |

| 106 | 99 |
| 127 | 64 |

| 106 | 99 |
| f130 | 487 |

| 106 | 99 |
| f132 | 482 |
| 133 | 687 |

| 106 | 99 |
| 139 | 47 |
| 140 | 200 |

house one and one-half miles west at 7:40. A man was seen about a mile east of the school house about 8:40. The victim testified that her assailant wore striped pants and a checkered shirt, and that she scratched his face and hurt his eye. When arrested the same day, accused was so clothed, and his face was scratched and his eye bruised. He pretended ignorance at the time, of the condition of his face and eye, but on the trial explained that a stick struck him while chopping wood that morning. Evidence tended to show that he washed his face after the chopping, and it was uninjured. *Held*, sufficient to corroborate his identification by her.

*Appeal from Story District Court.*—HON. B. P. BIRDSALL, Judge.

TUESDAY, OCTOBER 4, 1898.

THE defendant, having been accused and convicted of assault with intent to commit rape, appeals.—*Affirmed.*

*J. F. Martin* and *Funston & Gifford* for appellant.

*Milton Remley,* Attorney General, and *Hubert Remley* for the State.

LADD, J.—The evidence warranted the jury in finding that some one assaulted Bertha McVey, with the purpose of committing rape, on the morning of May 28, 1896. She identified the defendant as the guilty party. He insists, however, that she is not corroborated by other evidence tending to connect him with the commission of the offense. The statute does not fix the *quantum* or kind of evidence required, nor is its sufficiency to be determined by excluding the evidence of the injured party. *State v. McLaughlin,* 44 Iowa, 85. If, considered in connection therewith, the other evidence tends to identify and single out the accused as the perpetrator of the crime, it is of that character contemplated by the statute, and its sufficiency is to be passed upon by the jury. *State v. Watson,* 81 Iowa, 380; *State v. French,* 96 Iowa, 255; *State v. Moore,* 81 Iowa, 578; *State v. Mitchell* 68 Iowa, 116; *State v. McLaughlin,* 44 Iowa, 82.˙ The assault was committed near a school house, a few minutes

after 8 o'clock A. M., and the defendant left the farm house of Halteman, where he ate breakfast, one and a half miles west, twenty minutes before eight. A man was seen on the track about a mile east of the school house about one-half hour later. The defendant might have reached the scene of the crime, attempted the outrage, and gone east, as stated by Bertha McVey. He is shown to have taken dinner with Myers about five miles north, at 2 o'clock P. M., and an hour later to have hired out to work for Mortz one month. The prosecutrix, a girl of thirteen years, testified that the man who assaulted her wore striped pants and checkered shirt, and that she scratched his face and hurt his eye. When arrested on the same day, other witnesses testify the defendant was so clothed, and that his face appeared to have been recently scratched and his eye bruised. He manifested ignorance of the condition of his face and eye when his attention was called to it, but explained on the trial, that, in chopping wood for his breakfast that morning, a stick flew and struck him in the face. Other evidence tended to show that, after he finished chopping and before eating, he washed his face and it was uninjured. These circumstances tended to identify and point out the defendant as the perpetrator of the crime. The weight to be given the explanation of the telltale marks was for the jury. If not accepted, these might well, in connection with the other circumstances mentioned, be deemed corroboration sufficient to meet the requirement of the statute.

II. The record fails to show, as contended, that witnesses testified to the particulars of the complaint made by the prosecutrix. Soon after the assault she told her stepmother and another of a pain in the stomach, across the back and in the throat. This related to her condition, and not to the details of the assault. True, she attributed the pain in the stomach to the position of the man's knees on her abdomen; otherwise no details were given, and this statement alone could not have worked prejudice to the defendant. That an assault had been committed by some one

was not controverted. The main issue was whether the defendant or some one else was the assailant.

III. The constable making the arrest testified to what different persons said to him when in pursuit of the accused. Whether this evidence was given in narrative or in response to questions is not disclosed by the record. Objections were not interposed, but the defendant sought to have the answers, after given, excluded. His motions for that purpose were overruled, but, when the examination had been concluded, all such evidence was stricken, and the jury cautioned to disregard it. We are unable to discover any just ground of complaint in these rulings. The evidence, while it had little or no bearing on the case, was hearsay, and the court might well have sustained the motions when made, but, as the final ruling had this effect, the appellant is not in a position to complain. The judgment is AFFIRMED.