STATE OF IOWA v. THOMAS MURPHY, Appellant.

**Included Offense:** FAILURE TO CHARGE UPON.  The defendant was
charged with assault with intent to kill, and the court charged
that he should be found guilty or not guilty. . The defendant did
not ask for instructions as to the offenses included in the one
charged in the indictment, and there was no evidence to justify
giving them.  The included offenses were separate and distinct,
and not degrees of the one charged.  *Held*, that it was not
necessary to give instructions covering them.

*Appeal from Polk District Court.*—HON. C. A. BISHOP,
Judge.

THURSDAY, OCTOBER 5, 1899.

DEFENDANT was indicted, tried, and convicted of an
assault with intent to commit murder, and from the sentence
imposed appeals.—*Affirmed.*

*T. D. Hastie* for appellant.

*Milton Remley,* Attorney General, and *Chas A. Van
Vleck* for the State.

DEEMER, J.—The trial court did not instruct as to
included offenses, but told the jury, in substance, that they
should find the defendant guilty of the offense charged or
not guilty.  The evidence shows that defendant fired four
shots at the prosecuting witness, one of which took effect on

the arm, near the elbow. There is no evidence whatever tending to show any excuse or justification for the act; indeed, all of it tends to show a deliberate purpose and intent to kill. It is true the court instructed with reference to self-defense, but that instruction was given to meet the argument made by defendant's counsel. The defendant did not ask any instructions, but he excepted to those given by the court. Now, while it would have been proper for the court to have instructed as to the included offenses, yet, as the defendant made no request, we do not think it was prejudicial error to omit them in view of the record before us. In *State v. Mahan,* 68 Iowa, 307, it is said: "Whether it is necessary or proper for the court in any case to instruct the jury as to the offenses lower than that charged in express terms in the indictment, which are included in it, must depend on the facts of the case as they are shown by the evidence." Again, in *State v. Cole,* 63 Iowa, 695, it is said "that it is not error to omit to instruct in regard to a degree of crime of which the jury, under the evidence, could not have found the defendant guilty." The instructions given by the court were correct and complete in so far as they related to the crime charged, and defendant asked no instructions with reference to included offenses. Speaking of such a situation in *State v. Hathaway,* 100 Iowa, at page 228, we said: "When those given are not erroneous, the judgment of the district court will not be reversed for failure to give instructions not asked, unless in an exceptional case, when this court is satisfied that the failure to instruct properly has deprived defendant of a fair trial;" citing *State v. Helvin,* 65 Iowa, 291. See, as further supporting these propositions, *State v. Reasby,* 100 Iowa, 231, *State v. Sterrett,* 80 Iowa, 609, *State v. Perigo,* 80 Iowa, 37, *State v. Casford,* 76 Iowa, 330, *State v. Mahan,* 68 Iowa, 304. We do not think there was prejudicial error in omitting the instructions as to included offenses. The defendant was clearly guilty of the offense charged, or not guilty of any offense; and it was

proper for the trial court to find there was no evidence to justify the giving of other instructions. In any event, we are perfectly satisfied that defendant had a fair trial, and that the result would not have been different had the instructions as to included offenses been given. It is to be noted that the included offenses are not degrees of the crime charged. In such case failure to instruct as to the included degrees may be prejudicial error. But where the offenses are distinct, as in the case at bar, failure to give instructions as to the included crimes is not necessarily prejudicial error, in the absence of request from the defendant. The cases relied upon by appellant are fully explained in *State v. Cole, supra*. No prejudicial error appears, and the judgment is AFFIRMED.