STATE OF IOWA v. FRANK RALSTON, Appellant.

**Rape:** CORROBORATING EVIDENCE. The fact that the crime of rape
1  has been committed by some one may be shown by the testimony of the prosecutrix alone; and corroborating evidence which tends to support her testimony in connecting the defendant with the commission of the crime is all that is required, the sufficiency of which is generally speaking a question for the jury. The corroborating evidence in the instant case is held sufficient to support a conviction.

**Same:** FLIGHT OF DEFENDANT. Where there is other evidence tend-
2  ing to connect defendant with the commission of the crime of rape, the flight of defendant may be considered as furnishing

additional corroboration, although standing alone it would be insufficient for that purpose.

**Jurors:** CHALLENGE FOR CAUSE. Where the opinion which a juror 3 has formed and expressed is based solely upon the facts stated in a newspaper article which he has read concerning the alleged crime, and he states that his opinion is not unqualified but that he can lay it aside and determine the case wholly upon the evidence, the overruling of a challenge for cause is not erroneous, although defendant may not have exhausted his peremptory challenges.

**Corroboration:** INSTRUCTION. Where the court instructs that mere 4 opportunity to commit the crime of rape is not sufficient corroboration to connect a defendant with the commission of the offense, and that the evidence must be such as to identify and single out the defendant as the one who committed the crime, a further instruction that if the statements of defendant as to what occurred did not admit more than opportunity need not be given.

**Same:** FLIGHT: EVIDENCE. Where a defendant accused of rape left 5 the scene of the crime and remained away, though but for a short time, and stated that he left because he was afraid there might be trouble, there was sufficient evidence of flight to warrant a submission of that question for consideration, as tending to corroborate the prosecutrix's evidence of identity.

**Included offenses:** INSTRUCTIONS. Where the evidence shows that 6 the defendant is either guilty or not guilty of the offense charged, no instruction regarding included offenses is required.

**Evidence:** PREJUDICE. Admission of wholly immaterial evidence 7 which cannot result in prejudice is not erroneous.

**Opening statement:** READING OF INDICTMENT: STATEMENT OF PLEA. 8 Mere failure of the county attorney to read the indictment does not indicate that it was not read by the clerk as provided by statute. The purpose of the statute requiring its reading and a statement of the plea is to advise the jury of the issue to be tried, and in the absence of a contrary showing the indictment will be presumed to have been read, which, together with a statement of the plea by the court, is sufficient.

**Rape:** SENTENCE. Where the evidence upon which defendant was 9 convicted of rape shows that he had several times previously attempted to perpetrate the crime, a sentence of twenty years was not excessive.

*Appeal from Monroe District Court.*— HON. F. W. EICHEL-
BERGER, Judge.

TUESDAY, JULY 7, 1908.

THE defendant was convicted of the crime of rape and
he appeals.— *Affirmed.*

*D. W. Bates* and *E. D. Everett,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* As-
sistant Attorney General, for the State.

SHERWIN, J.— The indictment charged the defendant
with the crime of raping his sister, Lucy Ralston, an unmar-
ried woman about forty-five years old. The mother died in
1906 and thereafter until the crime was committed the de-
fendant and his sister lived together on a farm six miles
from Albia.

The sister testified that the crime was committed about
9 o'clock at night in her own room; that she had gone to
her room and was partly undressed when the defendant

1. RAPE:
corroborating
evidence.
opened the door and entered the room; that
he immediately took hold of her and told her
to take off her clothes; that she refused to do so, whereupon
he forcibly removed all of her clothing, threw her upon the
bed, and consummated his purpose. The sister also testified
that as soon as she was released she ran from the house to
the house of Mr. Estlock, who was their nearest neighbor,
about forty rods away. The evidence conclusively shows
that the crime of rape was committed at that time, but the
defendant insists that the corroborating evidence required by
section 5488 of the Code was not furnished by the State.
The statute requires only that the prosecutrix be corrobo-
rated by other evidence tending to connect the defendant with
the commission of the offense. The fact that the crime has
been committed by someone may be established by the testi-

mony of the injured person alone; and the corroborating evidence is sufficient if it tends to strengthen and corroborate the prosecutrix in connecting the defendant with the commission of the crime. *State v. French,* 96 Iowa, 255; *State v. Baker,* 106 Iowa, 99. The prosecutrix testified that the defendant removed all of her clothing, and that she was entirely nude when the crime was committed, and when she fled to the Estlock home, and the evidence is conclusive that she was in that condition when she reached Estlock's. After the defendant's arrest he told one of the State's witnesses that " he was in one room, and his sister slept out in another room, and that he came out to get a drink of water, and she was taking a bath and was naked . . . and when he came in she said: ' It is a pity a person cannot be let alone;' and she commenced to scream and went to the door and went out and ran across the field that way screaming." It is undisputed that the house in which they lived had but two rooms, a kitchen and another room, and that the prosecutrix slept in the kitchen and the defendant in the other room. The jury may well have found from the defendant's statement that he went into his sister's sleeping room and there found her naked. That he was in a room with her when she was in that condition, and that she immediately left the house naked and ran screaming towards Estlock's, he admitted. When she reached the home of Estlock, she was still naked and had been raped. And we are of the opinion that the facts stated to the witness by the defendant tend to connect him with the commission of the crime, and hence furnish some corroborating evidence.

There was also evidence tending to show that the defendant fled soon after his sister left the house, and that he remained away a day and a half, when he returned and was at once arrested. It is a well-settled rule that the jury may consider evidence of flight as tending to show guilt. *State v. Poe,* 123 Iowa, 118. And as the corroboration required by the statute may be fur-

2. SAME: flight of defendant.

nished by facts and circumstances as well as by direct testimony, anything in the facts and circumstances that tends to show guilt necessarily tends to connect the defendant with the commission of the crime.    It may be that flight alone should not be held to be sufficient corroboration.    Indeed, it is quite apparent that it should not be so held in all cases, but that its weight must be determined by the other facts and circumstances proven.    Where there is other evidence tending to connect the defendant with the commission of the crime and evidence of flight which tends to show guilt as also furnished, we think the latter may be considered by the jury as furnishing additional corroboration.    Generally speaking, the sufficiency of the corroborating evidence is properly a question for the jury, and if it be of a substantial character, the court will not interfere with the finding.    *State v. Stevens,* 133 Iowa, 684; *State v. Norris,* 127 Iowa, 683.

A juror was called after the defendant had exhausted his peremptory challenges, and, after his examination as to qualification, the defendant challenged him for cause.    The

3. JURORS: challenge challenge was overruled, and the ruling is prefor cause. sented as error demanding a reversal.    The juror testified that he had known the defendant for some time; that he heard about the case the day after the transaction was alleged to have taken place and read an account of it in the Albia Republican, which "attempted to state the facts relating to it."    He said that he read the article carefully at home and discussed it there; that he there and then expressed an opinion to his wife as to the guilt or innocence of the defendant based upon the article.    He was then asked a question as follows:    " Of course you still have that opinion that you formed then from the article that you read and that you expressed to your wife?"    To which he answered: "Yes, sir; I suppose I have."    The challenge followed the answer.    On his examination by the State and by the court, he testified in substance that the opinion formed and expressed to his wife was based solely on the facts stated

in the article that he had read; that it was not an unqualified opinion, and that he thought he could lay it entirely aside and hear the evidence on the trial, and render a verdict on such evidence alone, whereupon the challenge was overruled. We think there was no error in the ruling. It fairly appears that the opinion expressed was so qualified as not to be sufficient ground of challenge. It was based wholly and solely upon the truth of the facts stated in the article, and falls within the rule announced in the following cases, among others: *State v. George,* 62 Iowa, 682; *State v. Sater,* 8 Iowa, 420; *State v. Ostrander,* 18 Iowa, 451. In *State v. Crofford,* 121 Iowa, 395, relied upon by the defendant, the juror had formed an unqualified opinion from newspaper accounts and from personal discussions of the facts and circumstances. He also testified that he was not unprejudiced; that he believed what he had heard and read; that his mind was made up, and that it would take evidence to change it. The record before us presents no such showing, and hence the *Crofford* case is not controlling.

Complaint is made of the refusal to give instructions 2 and 3 asked by the defendant. Both requests were to the effect that evidence of opportunity to commit the crime would not alone be evidence tending to connect the defendant therewith, and in addition to this,

4. CORROBORA-
TION: instruc-
tion.

the second asked the court to instruct that, if the statements of the defendant as to what occurred at the time did not admit more than an opportunity, they would afford no corroboration. The court fully instructed that mere opportunity to commit the crime would not be sufficient corroborating evidence to connect the defendant with the commission of the offense, and said that the corroborating evidence must tend to " identify and single out the accused " as the one who committed the crime. These instructions were sufficient, and there was no error in refusing those asked.

The court instructed on the question of the appellant's flight and told the jury that evidence of flight might be con-

sidered as " tending to corroborate the prosecutrix in her tes-

5. SAME: flight: evidence.    timony as to the identity of her assailant."
These instructions are assailed on the ground·
that evidence of flight furnishes no corroboration and be-
cause there was insufficient evidence of flight.  What we
have already said on the subject of corroboration answers the
first contention, and the second objection is not in our judg-
ment sound.  The defendant not only left the scene of the
crime so that his arrest could not at once be made, but
he told one of the State's witnesses that he left soon after
his sister started for the neighbor's, and left because he was
afraid there might be trouble over the matter.  The fact
that he did not conceal himself for a long time does not, in
the light of his own statement, tend to disprove the flight.

The trial court told the jury in substance that it should
find the defendant guilty of the crime charged or acquit, and
the appellant urges that there should have been instructions

6. INCLUDED OFFENSES: instructions.    on included offenses.  None were asked, and
in our judgment none were called for by the
record.  The facts either proved the crime of
rape or nothing.  The defendant testified that he did not
touch his sister at the time, and the jury could not on the
evidence have found him guilty of an included crime.  We
have repeatedly held that no instructions on included of-
fenses are necessary when the facts show that the defendant
is either guilty of the crime charged or not guilty.  *State
v. Murphy,* 109 Iowa, 116; *State v. Carter,* 100 Iowa, 501,
and cases cited therein; *State v. Hathaway,* 100 Iowa, 225.
The cases relied on by the appellant presented a different
state of facts, and they are therefore not in point.

A witness was asked what the defendant said after his
arrest about having a " billie " or " razor " on his person
when he was arrested.  An objection to the question was

7. EVIDENCE: prejudice..    overruled, and the witness answered that the
defendant said he did not have anything of
the kind.  We fail to see the materiality of the question, and

think it should not have been allowed, but we do not see how it could have prejudiced the defendant.   There was nothing to contradict it and no other testimony on the subject.

After the prosecuting attorney had made his opening statement to the jury, the defendant objected thereto because he had not followed " the statute requiring the counsel for

8. OPENING STATEMENT: reading of indictment: statement of plea.   the State to read the indictment and state to the jury the plea of the defendant." The court thereupon told the jury that the defendant had entered a plea of not guilty.   Code, section 5372, provides that the clerk or county attorney must read the indictment and state the plea.   The presumption is that the proceedings were regular, and hence the mere failure of the county attorney to read the indictment does not necessarily indicate that it was not read by the clerk.   *State v. Ostrander,* 18 Iowa, 435.   The purpose of the statute is to advise the jury of the issue to be tried, and we do not think a literal compliance therewith is required.   So long as the jury is fully advised of the exact issue that will be presented, there can be no prejudice to the defendant if it be not stated by the persons named in the statute.   Hence the statement of the plea by the court was sufficient.

The defendant was sentenced for twenty years at hard labor, and he insists that the punishment is excessive and should be modified by this court.   We have examined the

9. RAPE: sentence.   record with care, and have given the defendant's claim careful consideration, and do not feel that the judgment should be disturbed.   The prosecutrix testified that the defendant attempted to rape her at different times during the year immediately preceding the time in question, but that she had successfully resisted his other attempts.   If this testimony is true, and we find no reason for doubting it, except the relationship existing between them, the judgment is not excessive, and should be, and it is, *affirmed.*