# STATE OF MISSOURI, Respondent, v. CHARLES NEEDHAM, Appellant.

### Springfield Court of Appeals, June 26, 1916.

1. **INTOXICATING LIQUORS: Local Option Law: Keeping or Storing Intoxicants: Delivery: Statute.** Sec. 7227, R. S. 1909, prohibits the keeping or storing of intoxicating liquors by (for) another in local option territory and prohibits the delivery of intoxicating liquors to another in such territory. Under this section where the Local Option Law is in force one cannot keep or store for another or deliver to another such intoxicants.

2. ———: ———: Sale of Intoxicants: Delivery of Intoxicants:. Former Jeopardy. W|here the delivery of intoxicating liquors in local option territory was only a single step in a sale of such liquor by defendant, the facts showing the whole transaction, the State cannot split the transaction into parts and prosecute for a delivery of such liquor under Sec. 7227, R. S. 1909, where already there has been a prosecution to a determination for a sale of such liquors under Sec. 7243, R. S. 1909, as amended by session acts 1913, p. 391.

3. CRIMINAL LAW: Identical Offenses: Former Jeopardy: Pleading and Proof. A plea in abatement must allege and the proof .must show that the offense of which defendant was convicted or acquitted is identical with that charged in the indictment.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED. ›

*Wm. P. Elmer* for appellant.

FARRINGTON, J.—Defendant was convicted on an information charging a violation of section 7227, Revised Statutes 1909, in that he "did. then and there unlawfully and wilfully keep and store for and did then and there deliver to another person, to-wit, Turquil McNeill, certain intoxicating liquors, to-wit, one pint of whiskey," etc., in Dent county which had adopted the Local Option Law.

Defendant filed a plea in abatement alleging that he had been legally indicted, tried and acquitted in the circuit court of said county on a charge of selling intoxicating liquors to the same witness mentioned in the information and that it was the identical act and offense involved, in this case. By agreement, the plea was tried with the merits.

The only witness for the State was Turquil McNeill, who testified that he met defendant in Salem in the spring of 1915, prior to April 19, 1915, and told him he wanted some whiskey; that defendant said, "Follow me;" that the witness followed him to a livery barn, where defendant handed him a bottle of whiskey which he took out of his pocket. Each took a drink

or two and the witness took the bottle of whiskey away, leaving a dollar lying on a post near where they stood. The witness did not know whether defendant got the dollar. On cross-examination he stated that he meant the dollar to pay for the pint of whiskey, that he intended to buy the whiskey from the defendant, that he wanted the whiskey and was willing to pay for it, and that it was his understanding that defendant intended to sell it to him. He didn't look back to see whether defendant took the dollar. His testimony negatived any previous dealings between himself and the defendant, stating that this was the only whiskey transaction he eved had with the defendant, and that it was the same one he testified about at the trial of the defendant for selling whiskey at the April term of the court when defendant was acquitted. He testified that his testimony at that trial was the same as that given at this trial.

The defendant first introduced the indictment upon which he was tried at the April term of the court, which charged him with selling intoxicating liquor contrary to the Local Option Law in Dent county to Turquil McNeill on the —— day of April, 1915. The records of the circuit court were then introduced showing his acquittal on that charge.

Defendant testifying in his own behalf stated that he sold to McNeill the intoxicating liquor McNeill testified about and that he got the dollar. He testified that this was the only transaction he ever had with McNeill. He stated also that he did not testify at the other trial.

There was no proof touching the storing and keeping charge.

Both at the close of the State's evidence in chief and at the close of all the evidence defendant requested the court to instruct the jury to find him not guilty, which requests were refused.

Appellant says he could not have been guilty of delivering this whiskey as an act independent of the sale "as he never delivered it for McNeill or to McNeill for someone else. . . . The law contemplates a 'keeping, storing or delivering' for someone, or a 'delivery' to another for someone, and never intended

to separate the act of delivery in a sale into a separate criminal offense.'' In other words, that section 7227 ''contemplates an act of agency.''

We do not agree to that construction of section 7227. In construing that statute in State v. Parkel, 185 Mo. App. l. c. 75, 170 S. W. 915, we said: ''This section prohibits the keeping or storing of intoxicating liquors by (for) another in local option territory, and prohibits the delivering of intoxicating liquors to another in such territory. What does this mean? That where the Local Option Law is in force one cannot . . . keep or store for another, *or deliver to another,* such intoxicants.'' The subject is discussed on pages 75 and 76 of the report of that case—and the argument of the appellant herein is there refuted.

The facts of this case on the question of delivery are different from those in the Parkel case, supra. There, the defendant was charged and tried for only one offense and that was an unlawful delivery. In that case there was no proof of anything except the delivery of intoxicating liquor in local option territory—nothing to show whether the delivery was the result of a sale, a barter, or a keeping and storing; and under such facts we held the statute broad enough to make *delivering* an offense. But where the facts show the whole transaction connected with the delivery and that the delivery was only one step in the transaction and that there has been a trial for the offense charged which included a delivery, the State will not be permitted to split the transaction and prosecute again as for a delivery, for that was in fact tried in the trial of the first offense charged.

It is held that the plea in abatement must allege, and the proof must show, that the offense of which defendant was convicted or acquitted is identical with that charged in the indictment. [Kelley's Crim. Law and Practice (3 Ed.), p. 192; State v. Wister, 62 Mo. 592.]

It is true, the evidence at the former trial was not introduced but from the testimony of both the prosecuting witness and the defendant herein it must be taken

as established that the testimony of the prosecuting witness was the same at both trials as to what took place between him and the defendant concerning the whiskey, and it is proven that there was never but one whiskey transaction between them.

Clearly, if the proof is that a sale of intoxicating liquor occurred in local option territory accompanied by a delivery, the prosecutor having proceeded under section 7243, Revised Statutes 1909 (as amended Sess. Acts 1913, p. 391), as for a sale, and prosecuted that issue to a determination, the State will not be permitted to again try defendant as for a delivery on the same facts. Whether facts might arise, such as a sale and deferred delivery, upon which the vendor could be prosecuted for selling, and being acquitted, be then prosecuted for delivering, we do not now decide. But in our case the prosecuting witness in the prosecution for delivering says that his testimony in the trial for selling was the same as he detailed and which is hereinbefore set forth, and if the jury in the prosecution for selling had found the defendant guilty upon that testimony and defendant had appealed we would have said that the evidence unquestionably established a sale and that such a verdict was abundantly supported by the evidence. Since we must admit that, and since this was undoubtedly a sale accompanied by actual immediate delivery, there was but one transaction. The prosecutor having proceeded as for a sale accompanied by a delivery that transaction was concluded by the acquittal. The judgment of conviction is reversed and the defendant discharged.

*Sturgis, J.*, concurs. *Robertson, P. J.*, expresses no opinion on the merits, being of the opinion that this court has no jurisdiction, because, as he thinks, the right claimed by defendant and conceded to him is based solely on a construction of section 23, article II. of our Constitution, thus involving a constitutional question of which only the Supreme Court has appellate jurisdiction.