STATE OF MISSOURI, Respondent, v. HARRY FARRAND, Appellant.

Kansas City Court of Appeals, November 5, 1917.

1. **LOCAL OPTION: Title to Liquor: Keeping and Delivery.** Under the provisions of section 7227, R. S. 1909, there may be a conviction for the delivery or a keeping of intoxicating liquor where the facts also show a sale, and there may also be a conviction of keeping intoxicating liquor regardless of the question as to whose liquor it is.

2. ———: ———: ———. Where intoxicants are delivered from one person to another the title to the goods, prior to the delivery, was either in, or not in, the deliverer, and from the acts prohibited in the law, it will be seen that it matters not whom the title to the goods was rested.

Appeal from Adair Circuit Court.—*Hon. J. A. Cooley,* Judge.

AFFIRMED.

*Weatherby & Frank* for appellant.

*Paul D. Higbee* for respondent.

BLAND, J.—Defendant was convicted of keeping and delivering intoxicating liquors contrary to the Local Option Law, and appealed.

The evidence shows that on the evening of November 24, 1915, the prosecuting witness, one Newcum, together with one Davis, defendant and some other persons, was standing on the northwest corner of the public square in Kirksville, Missouri, and "the boys were wanting a drink but didn't seem to have the money to buy it with." Prosecuting witness Newcum told the crowd that he would buy the drink and he gave the defendant seventy-five cents and the latter "went and got the whiskey." About thirty minutes to an hour thereafter defendant delivered the whiskey to the prosecuting witness, Newcum, at a place near the school house in the north part of the town of Kirksville, where a portion of the whiskey was consumed by the defendant, Newcum and Davis.

On behalf of the State the court instructed the jury that if, from the evidence, they found that the defendant unlawfully kept for and delivered to the prosecuting witness whiskey, they might find the defendant guilty of keeping and delivering intoxicating liquors, and that if the prosecuting witness furnished the defendant with seventy-five cents to furnish and procure liquor for the former and if the defendant delivered to the prosecuting witness the whiskey, then they might find him guilty of delivering intoxicating liquor; and that if the prosecuting witness gave the defendant seventy-five cents to procure intoxicating liquor for the presecuting witness and defendant did procure from some other person whiskey and delivered the same to the prosecuting witness, and between the time of the procuring and delivery of the same the liquor had been in his possession, then they might find him guilty of keeping intoxicating liquor.

The court refused instructions requested by the defendant to the effect that defendant could not be convicted unless the liquor before its delivery belonged to the prosecuting witness Newcum; that the defendant could not be found guilty unless the liquor was procured by the defendant from some other person, and that at the

time the defendant procured the same that he informed
the person from whom he procured it that he was pro-
curing it for the prosecuting witness; that if the jury
found that the defendant sold the whiskey to the prose-
cuting witness, they should find the defendant not guilty;
that they should find him not guilty unless they found that
the defendant procured the whiskey as the agent of the
prosecuting witness; and that the jury should acquit
defendant unless they found he procured the whiskey
from a person other than himself and kept, stored or de-
livered the same to the prosecuting witness.

The defendant complains that the court erred in giv-
ing said instructions on behalf of the State and refusing
said instructions of the defendant.

The case turns upon the construction of section 7227,
Revised Statutes 1909. The instructions as requested
by the parties show their respective theories as to the
meaning of said statute.

It is the theory of the defendant that no case is
made under the statute for delivery of intoxicating liq-
uors where it is shown that a sale of such intoxicating
liquor was had, and that defendant could not be convicted
of keeping intoxicating liquor unless it is shown that de-
fendant had the same in his possession as the property of
the purchaser or some other person.

That there may be a conviction for a delivery of in-
toxicating liquor where the facts also show a sale was held
in the case of State v. Needham, 186 S. W. 585. We think
the reasoning of the court in that case to be unassailable
and effectually disposes of this contention of the defend-
ant here. As to the contention of defendant that there
could be no conviction of keeping intoxicating liquors
unless it is shown that such liquor was the property of
some other person than the defendant, we believe likewise
to be untenable.

Construing this statute it was stated by the Spring-
field Court of Appeals in State v. Parkel, 185 Mo. App.
l. c. 74, that prior to 1907, when the statute under which
this prosecution is had was enacted, the law sought to
prohibit in local option territory only selling, giving away

or bartering, either directly or indirectly, intoxicating liquors (see section 7243, R. S. 1909), and that it had become apparent to the Legislature that in order to effectuate the purposes of the Local Option Law it was necessary to enact more stringent legislation of a prohibitory nature, as a result the Act which we are now considering was passed. And in view of the circumstances surrounding the enactment of this law, together with a very able discussion as to the applicable laws of statutory construction, the court held, l. c. 76, that—

"Where intoxicants are delivered from one person to another, the title to the goods, prior to the delivery, was either in or not in the deliverer, and from the acts prohibited in the law, it will be seen that it matters not in whom the title to the goods was vested."

It seems to us that whether there was a delivery or a keeping of intoxicating liquors could not be affected by the question as to in whom the title was vested. And it would not be inconsistent to say that the facts might show a sale and at the same time show a keeping under the statute.

From the evidence as detailed above we are convinced that there was sufficient testimony for the court to submit to the jury the questions of an unlawful keeping of intoxicating liquors and an unlawful delivery of such liquors.

Finding no error the judgment will be affirmed. All concur.