(96 South. 21)

No. 25844.

## CITY OF SHREVEPORT v. CAPOLO.

(April 2, 1923.)

*(Syllabus by Editorial Staff )*

Intoxicating liquors ☞174—Keeping of whisky which defendant had at date of offense previously charged held a separate offense supporting second conviction.

Where, at time of raid of defendant's premises and discovery of whisky for possessing which he was convicted, he had other whisky but did not surrender it, his keeping of it thereafter for beverage purposes constituted another offense which would support a second conviction.

Appeal from City Court of Shreveport; David B. Samuel, Judge.

Frank Capolo was convicted of possessing intoxicating liquor, and he appeals. Affirmed.

Herndon & Herndon, of Shreveport, for appellant.

James U. Galloway, of Shreveport, for appellee.

OVERTON, J. Defendant was charged with having had unlawfully in his possession on January 12, 1923, intoxicating liquor, to wit, whisky, for beverage purposes, and it was further charged against him that he was convicted of a similar offense on July 20, 1922, and if convicted of the present charge that the conviction would make the second offense of which he would be guilty. A second conviction would authorize an increased penalty.

Defendant filed a plea of autrefois convict to this charge, in which he alleged that on or about July 17, 1922, he was charged under Act No. 39 of 1921 (Ex. Sess.), and under Ordinance 180, of the same year, of the city of Shreveport, with having intoxicating liquor in his possession for beverage purposes, and that he pleaded guilty to the charge preferred by the city, on July 20, 1922, and was duly sentenced; that the intoxicating liquor found in his possession, on which the present charge is based, was possessed by him in the same place, and in the same containers, in which it was on July 15, 1922, and for the possession of which he pleaded guilty and was sentenced.

Defendant testified, on the trial of the plea, that the whisky found in his possession on January 12, 1923, was possessed by him on July 15, 1922, in the same place and containers in which it was found on January 12, 1923, and to the possession of which he pleaded guilty, and was sentenced on July 20, 1922.

Two of the police officers of the city testified that they were of the raiding party that searched defendant's premises on July 15, 1922, and on that occasion removed therefrom, and destroyed, some six or eight gal-

lons of corn whisky, which was all that they could find.

It is manifest that, according to defendant's own evidence, the plea is wholly without merit. If defendant had the whisky on July 15, 1922, he should have surrendered it to the officers. His keeping it, thereafter, for beverage purposes, constituted another offense, of which he had never been convicted, and with which he had never been even charged.

The judgment appealed from is therefore affirmed at appellant's costs.