## STATE v. TELFORD.

No. 5653. Decided April 30, 1936. (56 P. [2d] 1362.)

*Karl V. King and Roy F. Tygesen,* both of Salt Lake City, for appellant.

*Joseph Chez,* Atty. Gen., and *Zelph S. Calder,* Deputy Atty. Gen., for the State.

WOLFE, Justice.

The defendant was on November 19, 1934, convicted of being a persistent violator of the liquor law known as title 46, R. S. Utah 1933 (46-0-1 et seq.). The points in the case all revolve about the following facts: The fresh charge, which was coupled with an old conviction had on March 10, 1930, in order to support the allegation of persistent violator, was based on an alleged possession of 44 pints of whisky, 23 pints of gin, and 6 pints of brandy found in his possession on July 7, 1934. He was found guilty on these facts of persistent violation.

It appears from a statement of counsel that on August 23, 1934, defendant was also convicted of having possession of liquor which was found in his possession on July 2, 1934. He contends that the liquor which was taken from him on July 7th was in his possession on July 2d but not confiscated by the officers, and that his conviction for the liquor which the officers took on July 2d stands as a conviction for possessing all of the liquor then in his possession; that by returning and taking a remainder on the 7th the officers cannot predicate a new charge; that he was already convicted of the possession of all of that liquor by the jury's verdict of August 23d; that, therefore, he should prevail on a plea of former conviction. He purports to assign four errors, argues five in his brief, but in reality there is only one as-

signment which meets the requirements. This is: "That the court erred in not permitting or having the pleas of defendant stated to the jury at the beginning of the trial, as is required by section 105-32-1, paragraph 1, of the Revised Statutes of Utah 1933." The record of what transpired in the courtroom will best show the situation in that regard:

Counsel: "Just for the purpose of the record, may the record be clear as to just how this record now stands, as to his plea."

Court: "A plea of not guilty was entered, I assume. I assume that has been done. I haven't the minute entry before me. Yes, on the 11th of August, 1934, a plea of not guilty was entered, and that record still stands, I take it."

Counsel: "May the record also show the plea of former judgment of conviction and also the plea of once in jeopardy."

Court: "The record may show that you ask for that at this time. Draw a jury of eight men at this time."

At this point a panel of eight jurors was drawn, examined and sworn as a trial jury.

Counsel: "And I take it there is one other matter, I believe that the record does not show this, that the statute provides that the record must show the date of the former conviction. May the record now show that the defendant entered a plea of not guilty by reason of a former conviction on August 23rd, 1934."

Court: "The record may show that is your statement. Read the information."

The information was then read to the jury by the clerk.

Court (to the jury): "To that information the defendant has entered a plea of not guilty, and that puts in issue all the material allegations of the information."

Counsel for the state then made his opening statement, whereupon counsel for defendant proceeded to state to the jury that he would offer evidence which would "show that on the 2nd day of July, 1934, the officers went to the house," at which time state's counsel objected on the ground that it was immaterial. The jury was excused and counsel for the defense stated: "Our position on that matter, Your Honor, is this, that we have placed in issue here, by reason of our

plea of former conviction—and I would like at this time to take exception to the failure of the clerk to state the plea to the jury, as it appears in the record." The court then said, "I will restate that plea," to which counsel remarked, "You will restate that?" The court answered, "Yes." Counsel for defendant then continued: "Our position is, by reason of that plea, that places in issue this question of a former conviction, and that, therefore, we are entitled to go into the transaction which occurred on the second day of July, and we are entitled to come in and show that the defendant has been convicted of that offense." The court, after argument, sustained the objection of state's counsel to the matter which defendant's counsel had attempted to include in his statement to the jury as indicated above.

We must treat the plea as having been made. It was offered, and from what the court said, as above recited, it appears that the court accepted the plea. No objection was made that it was not timely. In fact, when defendant was arraigned on August 11th it was not available to him because it was not until August 23d that he was convicted of possession of the liquors seized on July 2d. But evidently the plea was not entered on the minutes as required by section 105-25-2, R. S. 1933. But we shall treat it as if it were present in the case as a plea entered by defendant, because the defendant cannot be charged with the omission to register the plea in the minutes.

As far as the record shows, this plea was never read or stated to the jury, and since counsel for defendant made objection to this omission we cannot indulge the presumption that it was read or stated. Of this defendant complains in the aforestated assignment of error. We think it was error not to state this plea to the jury. Section 105-32-1, R. S. 1933, subsec. (1), reads:

"If the information or indictment is for a felony, the clerk must read it and state the plea of the defendant to the jury. In all other cases this formality may be dispensed with."

The word "must" is used. The jury must be informed of the plea. If that is substantially done it suffices, but in this case the jury was not definitely informed of that plea. It is true that if the veniremen were in the courtroom the proceedings indicated above, up to the point where the jury was drawn, examined, and sworn, may have been heard by all prospective jurors. But this is too conjectural. It is also true that after the jury was sworn and in their presence, counsel for the defendant stated to the court that the record did not show the date of the prior conviction. The statement was to the court in order to complete the record. The jury would in all probability not have gleaned what was meant and, not being presumed to know about pleas of former conviction, could not be expected from the suggested addition to such plea (not directed to them) to infer that there was such plea. In short, there is nothing which transpired before the jury from which it could be definitely said that knowledge was brought home to the jury of the existence of a plea of former conviction. That is the purpose of section 105-32-1, subsec. (1). The proceedings in the courtroom in this regard did not amount to a substantial compliance as in the cases of *Donehy & Prather* v. *Commonwealth,* 170 Ky. 474, 186 S. W. 161, 3 A. L. R. 1161, and *People* v. *Sprague,* 53 Cal. 491. The defendant took timely objection to the failure to state or read said plea to the jury. The following cases hold a substantial compliance with a statute reading as does ours to be mandatory: *Donehy & Prather* v. *Commonwealth,* supra; *Galloway* v. *Commonwealth,* 4 Ky. Law Rep. 720, 11 Ky. Op. 951; *Farris* v. *Commonwealth,* 111 Ky. 236, 63 S. W. 615; *Hendrickson* v. *Commonwealth,* 64 S. W. 954, 23 Ky. Law Rep. 1191; *State* v. *Chambers,* 9 Idaho 673, 75 P. 274; *State* v. *Crea,* 10 Idaho 88, 76 P. 1013; *Wilkins* v. *State,* 15 Tex. App. 420; *White* v. *State,* 18 Tex. App. 57; *Barbee* v. *State,* 32 Tex. Cr. Rep. 170, 22 S. W. 402; *Hearne* v. *State* (Tex. Cr. App.) 58 S. W. 1009; *Essary* v. *State,* 53 Tex. Cr. Rep. 596, 111 S. W. 927; *State* v. *Ralston,* 139 Iowa 44, 116 N. W. 1058.

But under all the facts of this case, was the omission to read or state the plea prejudicial to the defendant? The record shows, through a tender of evidence in the absence of the jury, that the defendant intended to support such plea with testimony only of the fact that the liquor seized on July 7th was a part of a larger quantity in his possession on July 2d when the officers also then seized liquor found in his possession. If the evidence would not have been material to support said plea and could not be admitted, the failure to read a plea which would have been totally without evidence to support it cannot be prejudicial. Its presence in such case would have confused rather than clarified the issues before the jury.

The defendant offered the files of the case which resulted in his conviction on August 23d for liquor seized on July 2d. In the argument it was admitted that the liquor seized on July 7th was in defendant's possession on July 2d but had not been taken by the officers. The question was whether the conviction based on the liquor seized on July 2d covered the possession of all the liquor which defendant then had in his possession which the officers might have seized had they found it, or only so much as they actually did seize, and presumably the possession of which particular liquor so seized was the basis of the charge which resulted in the conviction of August 23d. Stated in another way, could part of a larger quantity of liquor illegally possessed by defendant on July 2d and seized on that day be the basis of a charge for the violation of the law prohibiting the illegal possession of liquor and the remainder of it still in the illegal possession of defendant on July 7th and seized by the officers on that day be the basis of another charge for unlawful possession? The defendant argues, in effect, that the possession of the whole quantity is a unit; that any part is representative of the whole; that when the officers had a chance to seize it all and only took part, the state lost its right to proceed separately against the defendant for continued possession of the rest; that the possession of July 7th was a continuation of the possession of July 2d; and that the whole period

of possession was a unit not severable into parts. If the argument is correct, an illegal possessor of a quantity of liquor may, by being convicted for the possession of one bottle of it seized on one day, gain immunity forevermore from conviction for retaining the remainder of it. Defendant has in mind that if the officers seized one bottle at a time over successive periods he should not have to suffer conviction for each bottle seized. Defendant forgets that it is not the seizing but the possessing which is illegal and that he can put an end to all future violations by surrendering it or ridding himself of it. If he is arrested or prevented from so doing and during that time another part is seized, he may have a defense to the second charge on the ground that he was not able because of the very intervention of the law to surrender or rid himself of possession of it. Such was not the case. During the proceedings in which plaintiff made a tender of proof that he was arrested on July 2d, it appeared that counsel for defendant admitted that he was free several days before the 7th of July. Even if an officer knowingly fails to take all the liquor and returns again in order to obtain evidence for the basis of a second charge, defendant had it in his own power to prevent any such alleged persecution by surrendering or ridding himself of all of it. True it is that the prosecutor could not break up the total liquor illegally possessed into parts and base a separate charge for every part possessed on any particular day. See language of Lord Mansfield in *Crepps* v. *Durden,* 2 Cowp. 640, 98 Eng. Rep. 1283, cited in the case of *In re Snow,* 120 U. S. 274, 7 S. Ct. 556, 30 L. Ed. 658. The possession of the whole for the purpose of working a violation of the statute would be a unit for any single day.

Here the defendant continued to retain possession of the remainder after the seizure of a part. Certainly, if Snow had continued cohabitation for another period after that for which he was indicted, he could not claim that the first conviction was a dispensation to continue cohabitation. During the time defendant was retaining the liquor he was guilty of an offense. The charge does not cover or include

other liquor possessed but not covered by the first information whether such liquor was possessed on the self-same day as that for which another charge was preferred and conviction had, or during an entirely different period, but the liquor seized on any single day is a unit for the purpose of basing a charge and cannot be split into smaller quantities for the purpose of multiplying charges. Likewise, an act made the basis of a charge cannot be split into its constituent or included acts for the purpose of multiplying charges: Thus a charge of cohabitation over a period includes, as constituent or contained acts, acts of adultery. *Ex parte Hans Nielsen, Petitioner,* 131 U. S. 176, 9 S. Ct. 672, 33 L. Ed. 118. A charge of selling or transporting liquor includes the constituent or contained act of possessing. *Jackson* v. *State,* 11 Okl. Cr. 523, 148 P. 1058. A charge for manufacturing includes a charge of possessing, because one cannot manufacture without accomplishing the act of possessing. *Barton* v. *State,* 26 Okl. Cr. 150, 222 P. 1019. A charge of possession and control of a still is included in a charge of operating or causing to be operated the still over the same period of time, because one cannot operate a still without possessing or controlling it. *People* v. *Clemett,* 208 Cal. 142, 280 P. 681. A conviction for maintaining a place where liquor was kept for the purpose of selling it included the charge of possessing liquor. *Estep* v. *State,* 11 Okl. Cr. 103, 143 P. 64; *Hochderffer* v. *State,* 34 Okl. Cr. 215, 245 P. 902. A charge of maintaining a nuisance included possession where the nuisance was defined and construed as a place where liquor was "kept" for purposes of consumption by the public. *Barngrover* v. *State,* 28 Okl. Cr. 22, 229 P. 301. Where a person was convicted of being a common seller of liquor, it included the offense of having possession of liquor for that period, a modification of the Snow Case, supra. *State* v. *Nutt,* 28 Vt. 598. A charge of making an unlawful sale includes the offense of "making the same sale and permitting the liquor to be drunk on the premises," where the statute denounces the offense as an unlicensed person selling or bartering intoxicating liquors

or doing so and permitting them to be drunk on the premises. These two acts were one and the same—the two charges simply alleging different phases of the same act which was denounced as one offense. *Woodworth* v. *State,* 185 Ind. 582, 114 N. E. 86.

Where keeping and storing for another or delivery to another in local option territory was the offense, the state could not split the transaction and after prosecuting for the sale prosecute again for the delivery. *State* v. *Needham,* 194 Mo. App. 201, 186 S. W. 585. These cases, cited by the defendant, themselves reveal the distinction between them and the instant case. In every case cited the second act charged was either the same act as before charged under a different name or some phase or part of the same transaction or necessarily included or contained in that transaction, whether the transaction is a single completed or whether a continuing act such as exemplified by cohabitation or possession. In the instant case possession on July 2d was one act as to all the liquor seized on July 2d. Possession on July 7th of all the liquor seized on July 7th was a distinct and different act although there may have existed for a time coextensive possession of the two lots of liquor. A case with almost the identical facts supports this statement. *City of Shreveport* v. *Capolo,* 153 La. 429, 96 So. 21.

It appears, therefore, that the proof tendered in support of the plea of former conviction was immaterial and would not have supported it. Failure to read or state to the jury a plea in regard to which there was no evidence to support it is not prejudicial.

The judgment of the lower court is, therefore, affirmed.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.